[S. F. No. 5301. In Bank.—December 3, 1910.]

In the Matter of the Estate of JOHN CHAPMAN, Deceased.

ESTATES OF DECEASED PERSONS—RECITALS IN ORDERS—JURISDICTIONAL FACTS.—Orders in probate proceedings need not recite the existence of the facts upon which jurisdiction to make them depend.

ID.—DISCONTINUANCE OF FAMILY ALLOWANCE — APPEALABLE ORDER— COLLATERAL ATTACK.—An order discontinuing a family allowance previously ordered to be paid to a widow is appealable, and an attack made upon such order after it became final, on the settlement of the final account of the administratrix of the estate, is a collateral attack.

ID.—PRESUMPTION OF JURISDICTION TO MAKE ORDER.—Upon such a collateral attack, the jurisdiction of the court to make the order discontinuing the family allowance is presumed, unless the contrary appears from the record.

ID.—APPEAL—PRESUMPTION OF GIVING OF NOTICE.—On an appeal from an order settling the final accounts of an administratrix, and disallowing payments made for family allowance subsequent to an order discontinuing it, it will be presumed, in the absence of a contrary showing in the record, that the order of discontinuance was valid and binding, and made after the necessary notice had been given.

APPEAL from an order of the Superior Court of Santa Clara County settling the supplemental final account in the estate of a deceased person and directing distribution. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

J. H. Russell, and E. L. Rhodes, for Appellant.

Henry French, for Respondents.

SHAW, J.—This is an appeal by the widow of the deceased, who is also the administratrix of the estate, from orders settling the supplemental final account and directing distribution. The only ruling complained of is the refusal to allow credit in the supplemental account for the amount of the monthly family allowance which accrued during the period

intervening between the date of the settlement of the final account filed with the petition for distribution and the date of the supplemental final account.

The deceased died on March 6, 1907, leaving surviving as heirs at law, besides his widow, a sister and the descendants of a deceased sister. The widow was duly appointed administratrix of his estate. On May 31, 1907, the court made an order for the payment of forty dollars a month to the widow, as a family allowance, beginning on March 6, 1907. On September 23, 1907, the administratrix filed her final account and a petition for the distribution of the estate, alleging that the deceased left no children or surviving collateral relatives and that she, as his widow, was the only heir. On October 4, 1907, the final account was settled showing a balance of $2,741.95 for distribution, consisting entirely of money. The sister and descendants of the deceased sister appeared and contested the petition for distribution, and a delay of one year ensued before the matter of the contested heirship was decided. On February 7, 1908, the court made an order that the family allowance be discontinued from and after October 4, 1907, the date of the order settling the final account. On October 9, 1908, the widow, as administratrix, filed a supplemental account showing the expenditure of $73.52 in costs of administration and claiming credit for $520, on account of the family allowance accruing from September 6, 1907, to October 6, 1908. The order of October 9, 1908, appealed from, settled this account as presented, "with the exception of the item for family allowance," leaving a balance of $2,668.43 which was ordered distributed to the heirs.

On the facts as above stated it would appear that the widow was entitled, in any event, to the forty dollars for the month extending from September 6, 1907, to October 6, 1907. But as no bill of exceptions showing the evidence upon which the court acted is presented, we must presume that the allowance for that month was included in the final account settled on October 4, 1907.

The appeal is based on the proposition that the order of February 7, 1908, discontinuing the family allowance from and after October 4, 1907, was absolutely void because the court had no power to make it. This contention is founded on the assertion that it was made *ex parte,* and without any

notice to the widow. The record contains nothing to that effect. The order recites that it was made upon good cause, but neither the recital nor anything else in the record before us states anything at all on the question whether or not notice thereof was given. Orders in probate proceedings need not recite the existence of the facts upon which jurisdiction to make them depend. (Code Civ. Proc., sec. 1704.) The order was appealable and it has become final. The attack upon it was and is wholly collateral. The presumption in regard to such orders, upon such collateral attack, is the same as in other cases; the jurisdiction of the court to make them is presumed, unless the contrary appears from the record, or from competent evidence in a proper attack. Upon this record we must presume that the necessary notice was given and that the order discontinuing the family allowance was valid and binding. That item was therefore properly rejected.

The orders are affirmed.

Angellotti, J., Sloss, J., Lorigan, J., and Henshaw, J., concurred.