[S. F. No. 8738. Department One.—November 4, 1918.]

In the Matter of the Estate of FREDERIC JAMES BOSELLY, Deceased. VIOLET ALINE HOLBO, Respondent, v. EUGENIE SUSAN BOSELLY, Appellant.

ESTATE OF DECEASED PERSON — FAMILY ALLOWANCE — DURATION OF. — Where the estate of a deceased person is solvent, an allowance made to the widow is not limited in duration to one year from the granting of the letters, as it would be in case of insolvency.

ID.—MODIFICATION OF ORDER—POWER OF COURT.—Where an order for a family allowance is not appealed from and has become final, it is conclusive in favor of the widow so long as it remains in force, but the court is vested with power to modify it upon a showing that conditions have so changed as to call for a revision of it, the propriety and extent of such alteration being committed to the discretion of the trial court.

ID.—REDUCTION IN ALLOWANCE AS OF DATE OF PETITION.—The probate court has power in reducing a family allowance to the widow of the deceased to make the modification operate back to the time of filing the application, or at least the service of the application.

APPEAL from an order of the Superior Court of the City and County of San Francisco reducing a family allowance. J. V. Coffey, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thomas, Beedy & Lanagan, for Appellant.

J. Delmore Lederman, and T. E. Pawlicki, for Respondent.

SLOSS, J.—Pending the administration of the estate of Frederic James Boselly, and after the return of the inventory, the court, on June 11, 1915, made an order, under section 1466 of the Code of Civil Procedure, granting the widow an allowance of $350 per month until the final distribution of the estate. On April 28, 1916, Violet Aline Holbo, a daughter of the decedent, and one of the beneficiaries under his will, filed a petition for the termination of the allowance granted by the order of June 11, 1915. The court set the matter for hearing, and directed that notice be given the widow by posting and by service upon her attorneys. Such notice was duly

given, and, an amended petition having been filed, the widow, on June 15, 1916, filed her answer.

Hearings were had and continued from time to time, and the court finally, on May 25, 1917, made its order reducing the allowance from $350 per month to $150 per month "for the period commencing with the nineteenth day of October, 1916, and ending with the final distribution of the estate." The widow appeals from this order.

The estate was solvent, and the allowance was not limited in duration to one year from the grant of letters, as it would have been in case of insolvency. (Code Civ. Proc., sec. 1466; *Estate of Treat,* 162 Cal. 250, [121 Pac. 1003].) No appeal was taken from the order of June 11, 1915, granting the allowance during the pendency of the administration, and that order was, therefore, conclusive in favor of the widow, so long as it remained in force. The court was, however, vested with power to modify the provision theretofore made upon a showing that conditions had so changed as to call for a revision of the prior order. (*Estate of Nelson,* 167 Cal. 321, [139 Pac. 692].) The propriety and extent of such alteration are matters committed to the discretion of the trial court. The appellant does not claim that, on the evidence here presented, the court abused its discretion in ordering a reduction of the allowance for the remaining period of the administration. The sole point made is that the court was without authority to cut off or reduce the accruing allowance at or from any time prior to the actual making of the order of reduction on May 25, 1917; or, as appellant puts it, that the court had no power to make its order reducing the family allowance operate retroactively.

What the court did was to make its modification operate from a period prior to the actual making of its second order, but subsequent to the filing and service of the notice of intention to move for such modification. In so doing, the court did not attempt to give to its new order a retroactive effect, or to cut off vested and accrued rights. It is true that an order or judgment takes effect, ordinarily, only from the date of its rendition or entry. But the institution of a proceeding, and the service of process therein, vests in the court jurisdiction to adjudicate every matter embraced within the issues tendered. A judgment frequently, if not usually, determines a status or the existence of a fact as of the time

of the commencement of the action. So here, the application for a modification of the existing order for family allowance gave the court authority to fix the future extent of the allowance from the filing, or at least the service of the application. In *Estate of Nelson, supra,* the very case on which appellant places her main reliance, the court, on the appeal of the widow, affirmed an order reducing her family allowance from the date of the service of the notice of motion for modification. To the same effect is *Ford* v. *Ford,* 80 Wis. 565, [50 N. W. 409], where the supreme court of Wisconsin, recognizing that the trial court could not give retroactive effect to an order terminating a prior order for family allowance, yet held that the allowance might properly be cut off from the time of the presentation of the petition in that behalf.

It follows that there is no ground shown for disturbing the action of the court below.

The order is affirmed.

Richards, J., *pro tem.,* and Angellotti, C. J., concurred.