[Civ. No. 12868. Second Appellate District, Division Two.—January 10, 1941.]

RAYMOND L. SHELDON et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Russell H. Pray and Leroy A. Broun for Petitioners.

Marshall & Farnham for Respondents.

McCOMB, J.—This is an application for a writ of review of an order of respondent court removing a special administrator and appointing another in his place and stead. Respondents have entered (1) a general demurrer, (2) a special demurrer on the ground that Marie Babb is not a proper party respondent in the present proceeding, and (3) a motion to quash or modify the writ of review.

The essential facts are:

July 25, 1940, Judge Desmond made an order appointing petitioner, a legatee in decedent's will, special administrator of the estate of Lena L. Stokes. After due notice respondent Marie Babb, a sister of decedent, on September 13, 1940, sought to have petitioner removed as special administrator of said decedent's estate and herself appointed as special administratrix of the estate, on the sole ground that she had the prior right to act as special administratrix.

It was stipulated by the parties that the question presented for the decision of the probate court was its jurisdiction to remove a special administrator theretofore appointed, for the single reason that another might have a prior right to be appointed such special administrator. The matter was heard before George A. Hart, Sr., sitting as a judge *pro tem.* Said judge *pro tem.* made an order removing petitioner as

special administrator and appointing Marie Babb as special administratrix of decedent's estate.

This is the sole question presented for determination:

*Does the probate court have power to remove without a showing of cause therefor a special administrator who has been appointed ex parte?*

This question must be answered in the negative. █ The law is established in California that a valid order made *ex parte* may be vacated only after a showing of cause for the making of the latter order, that is, that in the making of the original order there was (1) inadvertence, (2) mistake, or (3) fraud (*Klokke Inv. Co.* v. *Superior Court,* 39 Cal. App. 717, 720 [179 Pac. 728]; *Wiggin* v. *Superior Court,* 68 Cal. 398, 402 [9 Pac. 646]; *Sullivan* v. *Superior Court,* 185 Cal. 133, 139 [195 Pac. 1061]; *Nason* v. *Superior Court,* 39 Cal. App. 448, 453 [179 Pac. 454]).

█ Applying the rule of law just stated to the facts of the instant case, it appears by the stipulation of the parties that there was neither inadvertence, mistake, or fraud shown in connection with the making of the original order appointing petitioner as special administrator. Therefore, the latter order vacating his appointment was improperly made and is null and void.

█ There is no merit in respondents' contention in their special demurrer that respondent Marie Babb is not a proper party to the proceeding. The real party in interest is a proper party to a petition for a writ of review (*Lee* v. *Small Claims Court,* 34 Cal. App. (2d) 1, 5 [92 Pac. (2d) 937]). Clearly in this case respondent Marie Babb was one of the real parties in interest.

For the foregoing reasons (1) the general and special demurrers are overruled, (2) the motion to quash is denied, and (3) the orders removing petitioner as special administrator of the estate of Lena L. Stokes and appointing respondent Marie Babb as special administratrix of said estate are and each is hereby annulled.

Moore, P. J., and Wood, J., concurred.