[Civ. No. 16815. Second Dist., Div. Two. June 3, 1949.]

Estate of ISIDOR SILVER, Deceased. HELEN SILVER, Respondent, v. MARC SILVER, Appellant.

Bodkin, Breslin & Luddy, S. V. O. Prichard and Henry G. Bodkin for Appellant.

Joseph W. Ryan and Kenneth J. Murphy for Respondent.

McCOMB, J.—Marc Silver, a beneficiary under a testamentary trust created by the will of Isador Silver, deceased,

appeals from an order of the superior court awarding Helen Silver, decedent's widow, a family allowance.

*Facts:* By the last will and testament of Isidor Silver he created a testamentary trust of which Marc Silver (appellant) was a beneficiary. Helen Silver, decedent's widow, filed a petition for a family allowance alleging that $1,500 per month was a reasonable amount to be allowed her and was necessary for her support and maintenance during the administration of the estate. The executor of the estate filed an answer denying the foregoing allegations. Appellant filed his objections to the granting of the petition in which he (1) denied that $1,500 a month or any other sum was necessary for the support and maintenance of decedent's widow, and (2) alleged that she had been paid since decedent's death the sum of $76,000, which she had invested and from which she derived an income.

*Offer of Proof:* At the time of the hearing appellant through his attorney made the following offer of proof to which the objection of petitioner was sustained:

"Mr. Bodkin: Your Honor, we offer at this time to prove that this lady received $76,000 in cash February 28, 1946. She received $50,000 at that time. She has received $26,000 in payments thereafter. There is $19,000 being held, offered to her, which she has refused. She can have it any time she will accept it. We offer to prove further she has had a substantial income from the monies which were invested, and we are offering that to show the lack of necessity.

"Mr. Murphy: The offer is objected to on the ground that the funds mentioned have been impounded and set aside pursuant to stipulation made in open court, and that she cannot spend or convert those funds at all. They may have to go back into this probate estate. We don't know.

"Mr. Bodkin: If your Honor please, I am making that offer, and I don't agree that there was such a stipulation; but whether there was such a stipulation or not, it would only be during the pendency of that action.

"The Court: I deny the offer of proof."

*Findings:* The trial court found in part as follows:

". . . that it is true that the sum of $600 per month can be paid to said Helen Silver during the administration of the estate without detriment or prejudice to any of the beneficiaries or claimants of the estate.

"That it is not true that said Helen Silver has a reasonable maintenance derived from other property, nor that she has sufficient personal means for her support and maintenance."

*Order awarding a family allowance:* Predicated upon its findings the trial court awarded petitioner the sum of $600 per month as a family allowance.

*Preliminary question: Is Marc Silver a proper party to appeal from the order granting a family allowance?*

This question must be answered in the affirmative. A beneficiary under a trust created by a will is an aggrieved party and entitled to appeal from an order which adversely affects his interest. (*Estate of Plaut,* 27 Cal.2d 424, 425 et seq. [164 P.2d 765, 162 A.L.R. 837]; *Estate of Fay,* 145 Cal. 82, 87 [78 P. 340, 104 Am.St.Rep. 17].) In the instant case Marc Silver was a beneficiary under a testamentary trust created by the will of decedent. Should the order for a family allowance be valid it would obviously affect his interest in an adverse manner since the corpus of the trust estate would be less than otherwise. Therefore, under the above stated rule, he was entitled to appeal.

*Issue: Did the trial judge commit prejudicial error in sustaining an objection to appellant's offer of proof?*

This question must also be answered in the affirmative. Section 680 of the Probate Code reads: "*Right to allowance: Preference.* The widow and minor children are entitled to such reasonable allowance out of the estate *as shall be necessary* for their maintenance according to their circumstances, during the progress of the settlement of the estate, which, in case of an insolvent estate, must not continue longer than one year after granting letters. Such allowance must be paid in preference to all other charges, except funeral charges, expenses of the last illness and expenses of administration, and may, in the discretion of the court or judge granting it, take effect from the death of the decedent." Section 682, Probate Code reads: "*Where parties have other support.* If the widow or any minor child has a *reasonable maintenance derived from other property,* and there are other persons entitled to a family allowance, the allowance shall be granted only to those who have not such maintenance." (Italics added.)

Petitioner alleged that $1500 per month" was "a reasonable amount and an amount" required by her for her support and maintenance during the administration of the

estate. The executor in his answer denied this allegation and appellant in his objections also denied it. Hence these issues were presented to the trial court for determination: (1) Was any sum necessary for the support and maintenance of petitioner during the period of the administration of decedent's estate? The court failed to make a finding on this issue. Such failure constituted reversible error. ▮ (2) If a sum was necessary for her support and maintenance what was a reasonable amount to allow her? Clearly if petitioner had $76,000 invested from which she was deriving a substantial income which was available for her immediate use, such fact was material and relevant for the trial court to consider in determining the above issues, and its failure to permit appellant to introduce evidence in support of his offer of proof was prejudicially erroneous.

▮ The unsworn statement of petitioner's attorney that she could not spend or use the funds mentioned in the offer of proof was not evidence and could not be considered by the trial court in making its findings. The rule is established that unsworn statements of counsel not intended to be, and not amounting to, stipulations of fact do not constitute evidence which may be considered by the trial court in making its findings of fact. (*People* v. *Robin*, 56 Cal.App.2d 885, 891 [133 P.2d 436].)

In view of our conclusions it is unnecessary to consider other points argued by counsel.

The order is reversed.

Moore, P. J., and Wilson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 28, 1949. Carter, J., voted for a hearing.