814

[Civ. No. 17842. First Dist., Div. Two. Dec. 9, 1957.]

Estate of ALFRED J. GUIDOTTI, Deceased. ANN GUI-
DOTTI, Appellant, v. AMERICAN TRUST COMPANY
as Executor, etc., Respondent.

Mandl & Atteridge and Brown, Smith & Taber for Appellant.

J. T. Harrington, Raymond W. Shelloe and Paul L. Pioda for Respondent.

DRAPER, J.—Alfred Guidotti died December 16, 1955. On May 18, 1956, after inventory was filed, the probate court ordered an allowance of $450 per month "beginning at the date of death of said decedent and continuing until the further order of this court." Following partial distribution of the estate, petition to terminate the family allowance was filed by decedent's three sisters, who are the residuary legatees named in his will. By order of April 12, 1957, the court reduced the allowance to $150 per month. The widow appeals.

The probate court found that substantial assets of the estate had been distributed to appellant, that the annual income from this property is $9,900, and "[t]hat a reasonable amount for payment to [the widow] as family allowance . . . is . . . $150.00 per month until further order of this Court." Appellant somewhat cloudily argues that there is no finding that $150 was a reasonable sum for the family allowance. The language of the finding seems clear on its face.

In any event, findings are to be liberally construed to support the judgment or order (4 Cal.Jur.2d 444). Appellant relies upon *Estate of Silver*, 92 Cal.App.2d 173 [206 P.2d 895]. That decision reversed an order granting family allowance because the probate court rejected the offer of an objecting heir to show that the widow had ample funds for her support. In dicta, the court pointed out that the particular findings there involved avoided the question whether the amount awarded was reasonably necessary to the widow.

In the case at bar, the finding that the reduced amount is "a reasonable amount for payment" to the widow clearly is a finding that it is reasonable as to the widow and as to the estate.

Appellant next contends that the evidence is insufficient to warrant the reduction. The record shows that, at the date of the order for modification, the estate had insufficient cash on hand to pay taxes and closing costs and that its income had been substantially reduced by distribution of income-producing properties. The partial distribution had given to appellant $13,500 in cash, plus properties producing income of $9,900 per year. The mere fact that income of $825 per month had been transferred from the estate to the widow would seem a reasonable ground for reduction of the family allowance.

Appellant, however, relies upon *In re Lux*, 100 Cal. 593 [35 P. 341], and *In re Lux*, 114 Cal. 73 [45 P. 1023], for

the claimed rule that property received on partial distribution cannot be a basis for reduction of family allowance. The two opinions are confusing, as evidenced by the fact that in the second decision the court divided upon the question of what it had held in the first. Careful reading of the opinions, however, shows the true holding to be that the widow's ownership of property other than her interest in the estate cannot be a ground for denying her a family allowance, but can be considered in determining the amount of the allowance. Although appellant relies upon *Estate of Secord,* 84 Cal. App.2d 783 [192 P.2d 81], that decision merely reaches the conclusion just expressed. The first Lux decision expressly reserves the right to modify a support order "in the event of a partial distribution to the widow" (100 Cal. at p. 604). We do not hold that the allowance cannot be terminated because of the widow's ownership of other property, whether received in partial distribution or otherwise. That question is not before us. We merely point out that, giving the Lux cases their broadest scope, they do not bar the reduction made here.

By the partial distribution here, the estate has surrendered assets which produced the income to pay the larger allowance, and appellant has received assets producing income far greater than her former allowance. The broad discretion of the trial court was not abused in making the reduction (*Estate of Nelson,* 167 Cal. 321 [139 P. 692]; *Estate of Taylor,* 12 Cal.App.2d 374 [55 P.2d 537]; *Estate of Clark,* 96 Cal.App. 243 [274 P. 76]).

 Appellant next argues that, since the addition of Probate Code, section 681, in 1931, there can be no modification of an allowance made after filing of inventory. This strained construction of the 1931 amendment is directly contrary to the view expressed in the notes of the code commission, which described the section as "New: avoids necessity for two orders, without affecting any rights" (see, also, 19 Cal.L.Rev. 602, 604). The right to modify an order for family allowance has been exercised repeatedly (*Estate of Nelson, supra; Estate of Taylor, supra*). Where, as here, the original order specifies that it shall continue "until the further order of this court," there can be no question that the right to modify is reserved (*Estate of Overton,* 13 Cal. App. 117 [108 P. 1021]). It is apparent that absurdity and injustice would result from a rule that would deprive the

probate court of all right to modify an order for family allowance made after inventory.

Appellant argues that, since the petition here sought to terminate the allowance, the court had no right to modify it. No authority is cited for this novel view, and we find no merit in it.

The order is affirmed.

Kaufman, P. J., and Dooling, J., concurred.