[Civ. No. 5655.   Fourth Dist.   May 2, 1958.]

Estate of C. E. HOUCHIN, Deceased. LESTER H. HOUCHIN et al., Appellants, v. KATHRYN HOU-CHIN, Respondent.

Kimble, Thomas, Snell, Jamison & Russell, Deadrich, Bates & Stewart, Thomas Elke and Kenneth H. Bates for Appellants.

Baker, Palmer, Wall & Raymond for Respondent.

BARNARD, P. J.—This is an appeal from an order for continuance of family allowance. C. E. Houchin died on November 23, 1953, leaving a will providing that one-half of his estate should be placed in a trust to be used for the benefit of his widow, the respondent herein, and that the other half be placed in another trust in which these appellants were the lifetime beneficiaries. The will stated that all the property in which the testator had any interest was community property; that the widow should elect whether to take under her community rights or under the will; and that "in any event she shall be entitled to a . . . family allowance out of my estate."

On December 1, 1953, the widow filed a petition for family allowance alleging that the value of the estate was unknown; that its income would greatly exceed $30,000 per annum; that $2,500 per month was reasonably required for her support and maintenance during the administration of the estate, considering the value of the estate and the manner in which she and her home were maintained during the lifetime of the decedent; and reserving the right to request an increase if it was later found that this amount was insufficient. An order was entered on December 2 granting the petition and ordering the payment of this sum monthly during the settlement of the estate or until the further order of the court. On December 21, the widow filed a petition to increase the allowance to $5,000 per month, alleging that the income of the estate would exceed $200,000 per year, and that she had ascertained that this increased amount was necessary. On December 22, an order was made granting this petition and ordering the monthly allowance increased to $5,000 for a period not to exceed 24 months. On March 29, 1954, the

widow filed a second petition for an increase alleging, among other things, that the inventory had not yet been completed or filed, and that it had then been ascertained that it would require $7,500 per month to maintain her home in the manner provided by the decedent. An order was made on March 29 granting this petition and ordering the payment of $7,500 per month until the further order of the court, but not to exceed 24 months from the death of the decedent.

On November 16, 1955, the widow filed a petition for a continuance of family allowance alleging, among other things, that an inventory was filed on October 21, 1954, showing $8,906,196.40 as the appraised value of the estate; that a preliminary distribution of about $208,000 had been made to the trustees of the trusts created under the will; that $776,-373.91 had been paid on account of federal estate taxes; that $307,500 had been paid on account of attorneys' and executors' fees; that all claims filed had been paid except for one of $450 which had been rejected, and except for the "Miller & Lux claims" aggregating $30,000,000; that a compromise and covenant not to sue further had been agreed upon, providing for the payment of $2,138,669.14 in cash and the transfer of properties appraised at $1,345,932.82 in full settlement and compromise of said claims; that after the payments already made and the payments to be made on the Miller and Lux claims the estate would have on hand on October 31 cash and other properties of the total appraised value of $4,566,278.90; that it was not then possible to close the estate as, aside from the final settlement of the Miller and Lux claims, a final settlement had not yet been reached with respect to the federal and state inheritance tax matters, in which one of the required audits had not yet been commenced; and that a continuance of the $7,500 per month for family allowance was reasonable and necessary in view of the condition of the estate and the widow's manner of living before and after the death of the decedent. An order was made on November 28, 1955, finding that all of the allegations of the petition are true, and that all notices required by law and all special notices had been given, and ordering the executors to continue to pay the $7,500 per month to the widow for a further period not exceeding 12 months after November 24, 1955.

On October 17, 1956, the widow filed a petition for a continuance of family allowance alleging, among other things, that $776,373.91 on account of federal estate taxes and

$128,186.49 on account of state inheritance taxes had been paid; that $307,500 had been paid on account of attorneys' and executors' fees; that all claims had been paid except one for $450, which had been rejected; that on September 30, 1956, the executors still had on hand $2,425,384.50 in cash and other properties appraised at $3,420,178.24, making a total estate on hand at that time of $5,845,526.74; and that it was not possible to close the estate at that time since the federal and state tax matters had not been concluded and the audit not yet completed. The petition also contained the usual allegations about the reasonableness and necessity of $7,500 per month as family allowance, and further alleged that during the preceding six months the widow had necessarily been required to employ separate counsel and attorneys to represent her on various controversial matters then pending and to become pending in the estate, including among other things a petition to determine heirship which had been partly litigated but was still pending. On October 26, 1956, these appellants filed objections to this petition alleging, among other things, that a proceeding was pending to determine heirship in which the widow claims to have elected to take under her rights apart from the will; that when that was determined the accumulated income of the estate would be subject to distribution; that $7,500 per month family allowance is in excess of the amount reasonably required for her support; that since the court's last order the circumstances of the estate have materially changed, due to the payments made and the transfer of assets authorized by the court in approving the settlement of the Miller and Lux claims; and that the widow had already received as family allowance more than was reasonably necessary for that purpose.

On February 1, 1957, the court entered an order granting this petition and ordering the payment of $7,500 per month continued for a period of 12 months ''and until further order of the court thereafter.'' In this order, after reciting that the matter had been regularly heard with all parties represented by counsel, the court found that notice of the hearing had been given as required by law; that all of the allegations of the petition are true and are sustained by competent proof; that the contrary allegations contained in the objections filed are not true; that the estate was not ready to be closed and will not be so ready for a substantial period of time; that $7,500 a month is a reasonable allowance, is not excessive, and will not decrease the corpus of the estate or the trusts to the

detriment of any beneficiary; that since its last order for continuance of family allowance the estate has increased in value in the amount of $1,783,508.31; that since April 1, 1956, the widow has been compelled to expend an average of $2,956 a month on fees of attorneys and accountants in defending her individual rights, and will be required to expend said amounts until November, 1957; and that there have been no operating losses to the estate since the last order was made.

In this appeal from that order the appellants contend that the court erred in rejecting evidence as to the assets and property owned by the widow, and in rejecting evidence as to the living expenses of the decedent and his widow during the year preceding his death; that the finding that $7,500 per month is necessary is not supported by any evidence, and the granting of such an allowance was an abuse of discretion; and that the doctrine of "res judicata" or "collateral estoppel" will not support the finding as to necessity or sustain the order made. Briefly stated, the contention is that they were entitled to the same full hearing, involving all elements, as would be required in connection with an original application for such a family allowance; and that the court could not rely upon any of the previous proceedings and orders for family allowance as supplying any of the required proof.

Under section 680 of the Probate Code this widow was entitled to such reasonable allowance as was necessary for her maintenance in accordance with her circumstances during the settlement of the estate. Section 681 provides that where such an allowance is granted before the inventory is filed it shall continue until modified by the court. The original order here made provided for the payment of the monthly allowance "during the progress of the settlement of said estate, or until the further order of this court." This order, in effect, provided for the payment of such an allowance until the estate was settled unless the court should order it terminated at an earlier date. No such order has yet been made in this estate. The subsequent orders, modifying the original order by changing the amount and limiting the time during which such modification was to operate, did not change the basic effect of the original order or prevent the court from later extending that time. In each instance a new modification was sought before the prior one had ceased to operate. The application which resulted in the order here appealed from was for another continuance for a time not covered in previous modifications, but which was within the terms of the

original order. Under such circumstances this application cannot properly be said to have reopened all questions and issues which had been covered in previous final orders, although they would have been material in passing upon an original request for family allowance. The question as to the necessity for the amounts allowed by the previous orders had been settled, and this proceeding involved the question as to whether the continued payment of that amount for a further period was justified by the conditions then existing.

■ The court has a wide discretion in making an order for a family allowance, including such matters as its necessity, its amount and its duration. ■ Such an allowance may be made without regard to the fact that the widow may have separate property sufficient for her support. (*Estate of Secord,* 84 Cal.App.2d 783 [192 P.2d 81]; *Estate of Cesare,* 130 Cal.App.2d 557 [279 P.2d 607].) We find nothing in *Estate of Silver,* 92 Cal.App.2d 173 [206 P.2d 895] and *Estate of Kennedy,* 64 Cal.App.2d 757 [149 P.2d 319], relied on by the appellants, which would support the conclusion that reversible error here appears. The *Estate of Silver* involved a question as to whether the widow had invested certain funds she had already received from the estate and was getting income from those investments. That was the first application for an allowance and it was there held that such a fact was material and should be considered by the court in determining her needs. The *Estate of Kennedy* involved a new request for an allowance after a previous order had expired. It was there held that the facts justifying an order for an allowance limited to one year would not necessarily compel the court to extend the allowance for a longer period, and that no abuse of discretion there appeared.

■ A somewhat different situation is involved in considering an application for the extension of the period of payment of such an allowance which is made before that period has expired, and especially where the original order provides for a payment until the estate is settled unless otherwise ordered by the court. It has been held that changed conditions may be considered and that this, with the fact that the estate is not ready to be closed, will furnish a good reason for allowing a further family allowance since the matter is one resting largely in the discretion of the trial court. (*Estate of Dow,* 91 Cal.App.2d 420 [205 P.2d 698]; *Estate of Coffin,* 16 Cal.App.2d 532 [61 P.2d 81].)

■ It is undisputed that this widow is the only person

entitled to a family allowance, and one of the attorneys for the appellants conceded at the hearing that if an order for a family allowance was to be made it should be more than $2,500 a month but that they felt that $7,500 was too much. While the appellants offered to prove that the assets of the widow had increased, no offer was made to prove that she had invested any funds she had received from the estate, or that she was receiving any income from that source. The record of the offer of evidence of her financial transactions subsequent to the death of decedent, for the purpose of showing that her net worth had increased, is not sufficient to furnish any indication that any such evidence was improperly rejected. The offer of evidence with respect to the previous living expenses of the decedent and his widow was limited to an offer to show certain records which would not have been conclusive, especially in the face of the final orders already made. While this evidence would have been admissible upon an original application for a family allowance, it would here have involved an unnecessary reexamination of matters which had already been heard and decided several times. If a new hearing were to be ordered, and the offered evidence received, it is difficult to see how or why a different result could reasonably be expected. Four previous orders involving findings as to the necessary elements had theretofore been made and had become final. No objections to any of the matters there involved had previously been raised and the fourth order for continuance of family allowance, made on November 28, 1955, recited that the matter had come on regularly for hearing and that all notices required by law and all special notices had been given.

At the hearing which resulted in the order here appealed from the court called attention to the fact that the order entered on November 28, 1955, recited that all special notices had been given, and that it was therein found that $7,500 a month was a reasonable amount to be paid, taking into consideration the condition of the estate and the manner of living maintained both before and after the death of the decedent. The court went on to state that he would receive any evidence going to show any change of circumstances indicating that $7,500 a month was no longer reasonably required to maintain the widow, or tending to show that the estate was not currently in a position safely to pay that amount. It was stipulated at the hearing that the estate would not be ready to be closed for some months in the future, and that a certain

witness, if called, would testify that the widow would continue to incur an expense of about $3,000 a month for attorneys' fees and accountants' fees. In addition, the court also pointed out that a substantial change appeared, with respect to the pending application of the widow to take in accordance with her community property right and not to take under the will, and that if her election was sustained the practical result would be that she would be paying half of the allowance out of her own pocket. It also appears that some litigation affecting the widow's rights was then pending, aside from the question of the continuation of the family allowance, and if it be assumed that a change of conditions was required to be taken into consideration the evidence was sufficient in that regard.

The assets of this estate had greatly increased during the year preceding the making of the order appealed from, there was evidence of changed circumstances and increased expenses necessarily to be incurred by the widow, and these litigation expenses would reduce the amount available for living expenses. The general situation strongly indicates that the discretion resting in the trial court was not abused unless it can be said, as a matter of law, that it could make no order for a continuance of the family allowance without the same full and complete hearing which would be required in connection with an original application for such an allowance. Since this application and hearing involved only a modification of the previous final order, the court was justified in limiting the hearing to the question of whether such a modification was justified by the circumstances then existing. Each further order of the court having been made before the previous order expired such modifications were made in accordance with the terms of the original order and as permitted by the statute, and no order had ever been entered definitely providing for a termination of the allowance prior to the closing of the estate. We have found no decision which would compel a different order in this proceeding, and no abuse of discretion appears.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied May 26, 1958, and appellants' petition for a hearing by the Supreme Court was denied June 25, 1958. Schauer, J., was of the opinion that the petition should be granted.