[Civ. No. 20646.   First Dist., Div. One.   Mar. 7, 1963.]

Estate of SAMUEL HOFFMAN, Deceased.   SAMUEL ZEMAN, as Executor, etc., Petitioner and Respondent, v. ROSE HOFFMAN, Objector and Appellant.

Sidney Rudy and Richard N. Rapoport for Objector and Appellant.

Raymond H. Levy, Truman S. Waterman, Milton H. Cohn and Neil J. Christal for Petitioner and Respondent.

MOLINARI, J.—This is an appeal from an order of the probate court setting aside an order granting appellant a family allowance from the estate of her deceased husband. The respondent has moved to dismiss the appeal on the ground that the appellant has rendered the appeal moot by reason of the filing by her of a second petition for family allowance.

### The Record

On May 22, 1961, appellant, Rose Hoffman, presented and filed a verified petition for family allowance before inventory requesting a family allowance in the amount of $350 per month commencing from the date of the death of her husband on March 24, 1961. Said petition alleged that the petitioner was the only surviving person entitled to a family allowance; that she believed that the estate was of the approximate value of $30,000; and that the sum of $350 would be a reasonable allowance for her maintenance. An

ex parte order was made on the same day ordering the payment to Rose Hoffman of a family allowance in the sum of $350 per month beginning March 24, 1961.

On June 7, 1961, and prior to the filing of the inventory, the respondent executor filed a motion to set aside the aforesaid order for family allowance. On June 13, 1961, the probate court ordered that said motion be referred to the probate commissioner. Thereafter, the probate commissioner proceeded to hear said motion on August 2, 1961, in his capacity of a referee. The basis for the said motion was that the petition for family allowance did not state all of the pertinent facts upon which a determination for a proper family allowance should be made. The motion alleged that the said Rose Hoffman was not in need of a family allowance; and alleged, further, among other things, that the said Rose Hoffman was possessed of properties asserted to be of a value of $250,000 and that she had reported an income of $14,106.75 to the United States Department of Internal Revenue. (The year was not specified.) The said motion also recited that an inventory and appraisement had not been filed because said Rose Hoffman had refused and neglected to furnish him certain records and indices of assets necessary for such preparation until May 17, 1961, but that said inventory was then in the process of preparation. At the hearing before the said referee evidence was adduced that Rose Hoffman had given $12,000, in notes and stocks, and approximately $40,000, in realty, to her sons during the previous year. Testimony was also adduced that in prior years she had transferred other realty to her sons. She also testified that she was receiving an income amounting to approximately $800 gross per month, leaving a net after taxes and expenses of $450 to $500 per month, from some of the property transferred to her sons and from a parcel of real property which she had sold to a third party. An inventory and appraisement was filed by the executor on the day following the hearing, i.e., on August 3, 1961.

The referee made his report to the probate court on November 17, 1961. He therein stated that since the order for family allowance the estate of the decedent had been appraised for the sum of $31,966.17; that a full disclosure of the value of the estate and of the independent income of the widow had not been made to the court at the time of the ex parte order; and he was of the opinion that if the court had been possessed of all of said information it would not

have made the order for family allowance as it then stood. The referee recommended that the order for family allowance be vacated, effective the day on which the motion to vacate was filed, i.e., on June 7, 1961. The referee's report further recommended that the order be made without prejudice to the widow to renew her application for family allowance provided that the same be on notice. A motion for confirmation of the report of the referee, with an amendment making the order vacating effective as of the date of the granting of the allowance, was then made by the respondent executor. The appellant excepted to the report of the referee on the ground that notwithstanding the evidence adduced before the referee she was entitled to the family allowance as ordered, and on the further ground that there was no showing of inadvertence, mistake, or fraud. On January 11, 1962, the probate court made its order confirming the report of the referee without amendment and overruling the exceptions.

On January 19, 1962, the appellant filed her notice of appeal from the order confirming the report of the referee. Thereafter, the appellant filed and presented a petition for family allowance after inventory. This petition was denied on April 2, 1962, on the sole ground of the pending appeal.

## The Motion to Dismiss

The respondent contends that the appeal has been rendered moot on the ground that by filing the second petition for family allowance the appellant waived all rights claimed under the first family allowance. No authority has been cited or furnished in support of this contention. The respondent merely makes the assertion that by the filing of a second petition for family allowance the appellant has accepted the validity of the orders which limited and terminated the family allowance. ██ It is the duty of counsel to support his claim by argument and citation of authority. We are not obliged to perform the duty resting on counsel. (*People* v. *Schlosser*, 99 Cal.App. 593, 594 [278 P. 898] ; *Greenstone* v. *Claretian Theological Seminary*, 173 Cal.App.2d 21, 35 [343 P.2d 161] ; *Givens* v. *Southern Pac. Co.*, 194 Cal.App.2d 39, 48 [14 Cal.Rptr. 736] ; Cal. Rules of Court, rule 15.*) ██ The respondent is apparently alluding to the rule that a party is not entitled to accept the

*Formerly Rules on Appeal, rule 15.

benefits of a judgment and then appeal from it. (See *Schubert* v. *Reich*, 36 Cal.2d 298 [223 P.2d 242].) But even this rule is subject to the qualification that in order to defeat the appeal it must be shown that the appellant has received and accepted benefits from the judgment to which he would not be entitled in the event of a reversal of the judgment. (*Browning* v. *Browning*, 208 Cal. 518, 525 [282 P. 503]; *Mears* v. *Mears*, 180 Cal.App.2d 484, 509 [4 Cal. Rptr. 618].) Suffice it to say, the appellant in the instant case has not received or accepted any benefits from the order appealed from. The probate court refused to entertain the second application, apparently for lack of jurisdiction because of the pending appeal.[1]

### The Propriety of the Order Vacating Family Allowance

Probate Code section 1240 provides that an appeal may be taken from an order "granting or modifying a family allowance; . . ." The report of the referee in the instant case, as confirmed by the court, recites that the "order directing payment of family allowance be vacated and set aside." The first question to be disposed of, then, is whether the order is appealable. The subject order purports to annul the original order in its entirety. ■ To vacate or set aside an order is to determine that it was improperly or illegally issued and results in the destruction of the order in its entirety. (*Seymour Manufacturing Co.* v. *Tarnopol*, 20 Misc.2d 210 [187 N.Y.S.2d 494, 497]; *Krummel* v. *Hintz* (Mo.App.) 222 S.W.2d 574, 578; *Distillers Factors Corp.* v. *Country Distillers Products, Inc.*, 81 N.Y.S.2d 857, 858; and see *Cowdery* v. *London etc. Bank*, 139 Cal. 298, 303 [73 P. 196, 96 Am.St.Rep. 115].) A reading of the order discloses, however, that it does not purport to annul or declare void the order from the time of its issuance, but declares, in effect, that the order for family allowance is *terminated* as of June 7, 1961, the day on which the motion to vacate was made. Accordingly, the subject order acknowledges the validity of the original order for family allowance when it acquiesces in the allowance for the period from the date of the death of the decedent on March 24, 1961, to the said date of termination on June 7, 1961. ■ An order retroactively terminating a family allowance has been held to be an appealable order. (*Estate of Chapman*, 158 Cal. 740, 742 [112

---

[1] The minute order reads as follows: "Petition of Rose Hoffman for family allowance after inventory denied because of pending appeal."

P. 302].) We are satisfied, moreover, as we shall hereafter point out, that the essence of the order in question was to modify the order for family allowance, and hence was appealable.

The report of the referee recites that a widow is entitled to a family allowance as a matter of right and notwithstanding that she has independent income, but opines that the court would not have granted the family allowance in the first instance had it been apprised of the evidence which was received and heard by him. This opinion appears to be the rationale of the referee's conclusion that an order for family allowance made ex parte may be vacated pursuant to Code of Civil Procedure section 937[2] upon a showing of mistake, inadvertence, or fraud. However, in making his recommendation that the order for family allowance be vacated as of the date the motion to vacate was filed, the referee, in effect, recommends a modification of the order to the extent of terminating the allowance as of that date.[3] In adopting this recommendation, the probate court reaffirmed the validity of the original order and permitted that portion which covered the period from March 24, 1961, to June 7, 1961, to remain in effect. █ A modification of a previous order may, in a proper case, eliminate a portion of the previous order, or it may add to it, or it may do both. However, that portion which remains unaffected by the order of modification remains in full force and effect from the date of its original rendition. (*Estate of Houchin*, 160 Cal.App.2d 81, 85-86 [324 P.2d 647]; see *Cowdery* v. *London etc. Bank*, *supra*, 139 Cal. 298, 303.) █ The right to modify an order for family allowance also includes within its scope the power to terminate the said order. (*Estate of Chapman*,

[2]Code of Civil Procedure section 937 provides:

"An order made out of court, without notice to the adverse party, may be vacated or modified, without notice, by the judge who made it; or may be vacated or modified on notice, in the manner in which other motions are made."

[3]"Being of the opinion that the present order should be vacated, the question then arises that [sic] when the order of the Court vacating the present one should take effect. It is to be noted that the motion to vacate was filed June 7, 1961. I am inclined to think, provided the Court follows my recommendation, that the Court should make its order vacating the order for family allowance effective as of the date of the filing of the motion to vacate the same. My reasoning in this regard finds support in the language to be found in *Estate of Boselly*, 179 Cal. 218 [176 P. 45] where the following language is to be found: 'The probate court has power in reducing family allowance to the widow of deceased to

*supra,* 158 Cal. 740, 742; *Estate of Dow,* 120 Cal.App.2d 296 [260 P.2d 970] ; and see *Gebhardt* v. *Gebhardt,* 69 Cal. App.2d 723, 727 [160 P.2d 177].)     Moreover, the right to modify such an order includes the power to make the modification operate retroactively to the time of the filing of the application for modification, or at least from the date of the service of the notice of motion for modification. (*Estate of Boselly,* 179 Cal. 218, 220 [176 P. 45] ; *Estate of Dow, supra,* pp. 298-299; see *Estate of Chapman, supra,* p. 741.)

Although the referee alludes in his report to the power of the court to vacate an ex parte order upon a showing of inadvertence, mistake, or fraud,[4] the court did not purport to act upon a showing of any of these grounds. Had the court found that any of these grounds had been established, it was required to set aside the entire order for family allowance from the date of its rendition. The fact that it determined to modify the order rather than to vacate it is an indication that the order in question on this appeal was predicated upon a showing directed to the court's power to modify.

The inquiry here is properly directed, therefore, not to the propriety of the making of the original order for family allowance, but to the modification of that order. The question as to the necessity for the amount allowed by the original order has been determined. The instant proceeding involved the question as to whether the continued payment of the amount provided for in the order for family allowance for a further period was justified by the conditions then existing.     It should be noted, preliminarily, that in addition to the power to modify, embodied in section 681 of the Probate

---

make the modification operate back to the time of the filing of the application, or at least the service of the application.'

"In view of the foregoing, I recommend:

"1. That the order directing payment of family allowance be vacated and set aside.

"2. That the effective date of said order setting aside should be June 7, 1961.

"3. That the order be made without prejudice to the widow to renew her application for family allowance.

"4. That in any event a new application for family allowance be made the same be given on notice and a full hearing had on the merits of the application."

[4]A valid order made ex parte may be vacated only after a showing of cause for making the latter order, that is, that in making the original order there was (1) inadvertence, (2) mistake, or (3) fraud. (*Wyoming Pacific Oil Co.* v. *Preston,* 50 Cal.2d 736, 739 [329 P.2d 489]; *Sheldon* v. *Superior Court,* 42 Cal.App.2d 406, 408 [108 P.2d 945].)

Code,[5] we have a specific provision in the original order continuing said order "until further order of the court." In *Estate of Guidotti*, 155 Cal.App.2d 814 [318 P.2d 737], the court not only held that a probate court has the right to modify under section 681, but that "[w]here, as here, the original order specifies that it shall continue 'until the further order of this court,' there can be no question that the right to modify is reserved. . . ." (P. 816.) While the motion by the executor was made *prior* to the filing of the inventory, we are satisfied that the court, in making the order for modification *after* the filing of the inventory, was acting within its powers under Probate Code section 681, particularly in view of the power to modify reserved by the court.

Section 680 of the Probate Code provides that a widow is entitled to such *reasonable allowance* out of the estate *as shall be necessary* for her maintenance according *to her circumstances* during the settlement of the estate. The probate court has a wide discretion in making an order for a family allowance, its amount, and its duration. (*Estate of Houchin, supra,* 160 Cal.App.2d 81, 86; *Estate of Cunha* v. *Commissioner of Internal Revenue,* 279 F.2d 292.) It is well established in this state that in a proper case such an allowance may be made without regard to the fact that the widow may have separate property sufficient for her support. (*Estate of Houchin, supra,* p. 86; *Estate of Secord,* 84 Cal. App.2d 783, 786 [192 P.2d 81]; *Estate of Cesare,* 130 Cal. App.2d 557, 569 [279 P.2d 607]; *In re Lux,* 100 Cal. 593, 603 [35 P.341]; *In re Lux,* 114 Cal. 73 [45 P. 1023].) While it appears from *Estate of Secord* and the *Lux* cases that a widow's ownership of property other than her interest in the estate cannot be a ground for denying her a family allowance, this rule has been interpreted to be subject to the qualification that the ownership of such other property may be considered in determining the necessity and amount of the allowance. (*Estate of Guidotti, supra,* 155Cal.App.2d 814, 816; *Estate of Silver,* 92 Cal.App.2d 173, 176 [206 P.2d 895].)

In *Estate of Baldwin,* 190 Cal.App.2d 78 [11 Cal. Rptr. 604], it is stated that "although generally a probate court has wide discretion in determining the amount of the allowance, the granting or withholding of a support allowance

---

[5]Section 681 provides in part: "*After the inventory is filed* the court . . . may modify any allowance made before the filing of the inventory, upon the petition of any person interested. . . ." (Italics added.)

644

is not discretionary if the assets of the estate are sufficient to satisfy prior charges.'' (P. 80; citing *Estate of Secord, supra.*) A careful reading of *Estate of Secord*, upon which *Estate of Baldwin* relies for this last stated rule, shows the true holding of *Estate of Secord* to be that it is not discretionary to grant or deny the right of a widow to receive support from the estate to an extent commensurate with the *needs* of the widow and the assets of the estate.

The composite rule, distilled from an analysis of the applicable cases, as we apprehend it, is that while a widow may not be deprived of a family allowance merely because she has property other than her interest in the estate, the nature and extent of such other property is material and relevant to the following issues: (1) Is any sum necessary for the support and maintenance of the petitioner during the period of the administration of decedent's estate?; and (2) If a sum is necessary for her support and maintenance, what is a reasonable amount to allow the petitioner? (See *Estate of Silver, supra,* 92 Cal.App.2d 173, 176; *Estate of Secord, supra,* 84 Cal.App.2d 783, 786; *Estate of Guidotti, supra,* 155 Cal.App.2d 814, 816.) In making such determination the matter rests in the sound discretion of the trial court. (*Estate of Cesare, supra,* 130 Cal.App.2d 557, 569; *Estate of Houchin, supra,* 160 Cal.App.2d 81, 86.)

In *Guidotti* it was held that the trial court did not abuse its discretion in *reducing* the amount of the family allowance upon a consideration of the widow's ownership of other property. The court specifically noted that it was not holding that a family allowance cannot be terminated because of the widow's ownership of other property as that question was not before it. We are satisfied, however, that if a court has the power to reduce upon a motion for modification it likewise has the power to terminate. Indeed, we are of the opinion that the power to modify not only includes the power to reduce and to terminate, but that in a proper case it includes the power to increase the amount of the allowance. (See *Estate of Houchin, supra,* 160 Cal.App.2d 81, 86.) The criterion in each instance is whether any sum is necessary for the support and maintenance of the petitioner, and, if so, the reasonableness of the amount to be allowed within the limitations imposed by Probate Code section 680.[6]

In the case at bench the widow in her original appli-

[6]Section 680 of the Probate Code provides that in the case of an insolvent estate the allowance must not continue for more than one year after

cation represented to the court that the sum of $350 per month was a reasonable allowance out of the estate for her maintenance according to her circumstances. She did not then disclose to the probate court whether she had any separate estate or income. In view of the court's power to grant family allowance even though the widow is possessed of separate estate, we can only speculate as to whether or not the court would have nevertheless made such allowance. The circumstance of nondisclosure of such separate estate at the time of the original application was, however, a factor for the court's consideration on a motion for modification.

At the hearing before the referee evidence was presented as to the widow's circumstances then existing, and testimony was adduced from which it could be inferred that she then had adequate income to support herself according to her station in life, her needs generally, the support she was receiving from the decedent while they were living together, and the circumstances of the estate.[7] (See *Estate of Secord, supra,* 84 Cal.App.2d 783, 786; and see *Estate of Dow,* 91 Cal.App.2d 420, 429-430 [205 P.2d 698].) The widow, moreover, made no showing at the said hearing that the said sum of $350, or any other sum, was necessary for her support and maintenance out of the estate. In our opinion, the evidence considered at the hearing before the referee was sufficient to justify the court, in the exercise of its wide discretion, in making the order terminating the award.

The respondent makes a claim of frivolous appeal on the part of the appellant and requests damages therefor. The claim is patently without merit.

The motion to dismiss the appeal is denied. The order is affirmed.

Bray, P. J., and Sullivan, J., concurred.

A petition for a rehearing was denied April 1, 1963, and appellant's petition for a hearing by the Supreme Court was denied May 1, 1963.

---

granting letters. It also provides that such allowance has priority as to all other charges except funeral charges, expenses of last illness, and expenses of administration.

[7]The widow testified that the living expenses for herself and her husband amounted to $175 per month for "running the home" and $85 per month for rent. She also testified that she had "enough to take care of herself." In response to a question by the referee, which suggested that she was "pretty well fixed" and inquiring as to why she wanted support from her husband's estate, the widow replied: "He hasn't left any poor children that needed it worse than I do—he didn't leave no orphans."