Filed 12/4/13  Marriage of Sareen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re the Marriage of REEMA and VIKAS SAREEN. | C070678 |
| REEMA SAREEN,<br><br>Respondent,<br><br>v.<br><br>VIKAS SAREEN,<br><br>Appellant. | (Super. Ct. No. 06FL00798) |

Vikas Sareen (father) appeals from an order denying his motion to modify child support.  Father raises numerous claims on appeal, but without a reporter's transcript we must assume there was sufficient evidence presented in the trial court to support the trial court's ruling.

We will affirm the trial court's order.

1

BACKGROUND

The appellate record does not include a reporter's transcript of the hearing on father's motion to modify child support. This is referred to as a judgment roll appeal. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083; *Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.)

The limited appellate record establishes that on August 30, 2011, father filed a motion to modify child support based on changed circumstances. Father asserted the following: he was required to leave his job with the New York Port Authority and relocate to India; he was "compelled to stay in India" while criminal charges were pending against him; his application for reinstatement with the Port Authority was rejected and he was no longer employed by the Port Authority; but he was able to obtain work as an associate professor of engineering in India, a job that paid less money. Father attached various documents to his reply declaration in support of his claims: a letter from Manav Rachna International University confirming his status as an associate professor, two pay stubs from the university, and e-mail correspondence with the Port Authority indicating there was no available position to offer him for reinstatement.

Following a hearing on November 17, 2011, father submitted additional e-mail correspondence with the Port Authority. In those e-mails, dated May 2011, father was told by a man named "Jim Steven" that a job was not currently available for father, but someone was retiring so a job would soon become available. Jim noted the job would need to be re-classified and some work would need to be done through "HR," but they would work to resolve things quickly.

Commissioner Harman heard father's motion on January 19, 2012. Father objected to the commissioner and requested a statement of decision. Commissioner Harman subsequently issued findings and recommendations with an attached statement of decision, recommending denial of father's motion and making the following factual findings:

2

"1.  Court finds no evidence of compulsion for . . . father to leave his job with the New York Port Authority and go to India and instead finds that . . . father left voluntarily.

"2.  Father's previous position has been eliminated but communication from mid-2011 between . . . father and the Port Authority indicate reinstatement is available upon job opening/reclassification and refer to an employee who was on the verge of retirement. Father has made no contact with his previous employer since July 31, 2011.  There is a lack of evidence regarding the availability/unavailability of a position for father with the Port Authority and the Court finds that Father has failed to make reasonable efforts to renew his employment with the Port Authority all with the intent to avoid paying child support.  Father acknowledges temporary employment during his stay in India but has made no effort to pay any child support."

Father appealed from the findings and recommendations.[1]  But when no objections were received in the trial court, the trial court adopted Commissioner Harman's findings and recommendations as the order of the court.  Father filed a second notice of appeal from that order.

On May 31, 2012, father made a motion asking the trial court to order preparation of a settled statement for the January 19, 2012 hearing.  Father claimed that when he learned there was no court reporter at the hearing, he asked opposing counsel to stipulate that they would prepare an agreed statement under rule 8.130(g)(1)(A) of the California Rules of Court, but father never received a response.  He argued the settled statement was "necessary for . . . prosecution of his Appeal pending with the Court of Appeal, Third Appellate District and [he] will suffer irreparable harm if such relief is not granted."

---

[1]  That same month, March 2012, this court issued an unpublished decision (*In re Marriage of Sareen* (Mar. 22, 2012, C067526) [nonpub. opn.]), rejecting various contentions in a prior appeal, such as the contention that the trial court erred in denying father's request to modify child support based on the changed circumstance that father had been required to relocate to India.

Commissioner Harman heard father's motion for a settled statement and father again objected to the commissioner. Father argued he did not know until April that a court reporter was not present at the January 19, 2012 hearing. He also argued that his appeal from the court's order denying his motion to modify child support would be "short changed" without a settled statement because he had no reporter's transcript. From his perspective, the California Rules of Court contemplate a settled statement for people in his position. Commissioner Harman denied father's motion, concluding that the existing statement of decision was adequate and that father's request was untimely because the hearing took place seven months earlier.

## STANDARD OF REVIEW

On appeal, we must presume the trial court's judgment is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Thus, we must adopt all inferences in favor of the judgment, unless the record expressly contradicts them. (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.)

It is the burden of the party challenging a judgment to provide an adequate record to assess claims of error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) When an appeal is "on the judgment roll" (*Allen v. Toten, supra*, 172 Cal.App.3d at pp. 1082-1083), we must conclusively presume evidence was presented that is sufficient to support the court's findings. (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.) Our review is limited to determining whether any error "appears on the face of the record." (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; Cal. Rules of Court, rule 8.163.)

These rules of appellate procedure apply to father even though he is representing himself on appeal. (*Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121; see also *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639, disapproved on other grounds in *Douglas v. Ostermeier* (1991) 1 Cal.App.4th 729, 744, fn. 1; *Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)

4

DISCUSSION

I

Father contends the trial court erred in denying his request to modify child support. The record does not support father's contention.

In support of its decision, the trial court found that father voluntarily left his job with the New York Port Authority. The trial court also found that communications with the Port Authority in mid-2011 indicated job reinstatement was available upon job opening/reclassification and that an employee was on the verge of retirement; but father made no contact with the Port Authority after July 2011. Accordingly, the trial court found father "failed to make reasonable efforts to renew his employment with the Port Authority" with the "intent to avoid paying child support." The trial court also noted father had been working in India, but "made no effort to pay any child support." For those reasons, the trial court found no changed circumstances warranting a modification of child support. Without a reporter's transcript, we must conclusively presume the evidence was sufficient to sustain those findings. (*Ehrler v. Ehrler, supra*, 126 Cal.App.3d at p. 154.)

II

Father also claims that because he was not at liberty to return to the United States, holding him to an order based on a non-existent New York income violated equal protection. But father does not provide argument or authority supporting his equal protection claim. In addition, the factual basis for his contention is not supported by the record. The trial court expressly found that father was not compelled to go to India, but instead left New York voluntarily. Moreover, in father's prior appeal (*In re Marriage of Sareen* (Mar. 22, 2012, C067526) [nonpub. opn.]), father "failed in his burden to establish that he was required to remain in India."

Father's equal protection claim fails.

5

III

Father next claims the trial court violated his due process rights because he did not receive the commissioner's findings and recommendations (filed on January 31, 2012) until February 25, 2012, well past the 10-day deadline to file a notice of objection (Fam. Code, § 4251, subd. (c)).

Father's due process claim is forfeited because he does not support the claim with citations to the record.  (Cal. Rules of Court, rule 8.204(a)(1)(C); *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1245–1246 & fn. 14 [the failure to present argument with references to the record results in a forfeiture of any assertion that could have been raised]; *Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 743 [lack of adequate citation to the record forfeits the claim of error].)

IV

Father further argues the trial court violated his right to due process by denying his motion to proceed on a settled record.

The trial court denied father's motion for preparation of a settled statement after father's most recent notice of appeal was filed in this matter.  Father filed an objection to the commissioner's ruling and a de novo hearing was set for September 17, 2012.  The record for this appeal does not establish that the order is final.

But even if the claim were properly before this court, it fails because it is not supported by any meaningful argument or citations to relevant legal authority.  (*People v. Hardy* (1992) 2 Cal.4th 86, 150 [a reviewing court need not address any issue purportedly raised without argument or citation to relevant authority]; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115-1116 [merely setting forth general legal principles without specifically demonstrating how they establish error is insufficient to raise a cognizable issue on appeal]; *Estate of Hoffman* (1963) 213 Cal.App.2d 635, 639 ["It is

6

the duty of counsel to support his claim by argument and citation of authority.  [A reviewing court is] not obliged to perform the duty resting on counsel"].)

DISPOSITION

The trial court order is affirmed.


              MAURO           , J.


We concur:


          RAYE           , P. J.


          DUARTE         , J.