Filed 11/8/21  Marriage of Shaw CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| In re the Marriage of BUFFY and JEREMY SHAW. | C090801 |
| BUFFY SHAW,<br><br>Respondent,<br><br>v.<br><br>JEREMY SHAW,<br><br>Appellant. | (Super. Ct. No. FL044195) |

Jeremy Shaw appeals from a postjudgment order denying his request to modify spousal support.  Finding no error, we affirm the trial court's order.

A judgment dissolving the parties' marriage was entered on October 25, 2016. Following a trial in July 2017, the trial court found appellant in contempt on 12 charges of failing to pay court-ordered spousal support to Buffy Shaw. The trial court sentenced appellant to 60 days in county jail; the court stayed the sentence for 12 months, "so long as" appellant paid spousal support to respondent totaling $1,543 per month, beginning September 1, 2017.

In November 2017, appellant filed a motion to modify the court's order for spousal support. That motion was repeatedly continued until it was heard on September 11, 2018. After hearing from both parties, the trial court reduced appellant's jail sentence to 30 days but found he lacked standing to modify the operative support order because he already was found in contempt of that order. The court issued a minute order, directing counsel to prepare a formal order. On October 3, 2018, the formal order was filed.

On September 19, 2018, appellant moved the trial court to reconsider its order denying his request to modify spousal support. The court denied that motion on September 25, 2018.

Appellant filed a second request to modify spousal support on May 21, 2019. The court heard that request on September 17, 2019, denied the request, and issued a minute order directing counsel for respondent to prepare a formal order.

On November 12, 2019, appellant filed a notice of appeal identifying the September 17, 2019, order as the order from which he was appealing. Several months later, on January 9, 2020, the court filed its formal order following the September 17, 2019, hearing.

## DISCUSSION

In his notice of appeal, appellant identifies the September 17, 2019, minute order as the order from which he is appealing. That order, however, is not appealable because it directs counsel to prepare a formal order. (See *Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1091 [where a formal order is required, the minute order is not appealable].)

2

Nevertheless, it is our duty to liberally construe a notice of appeal in favor of its sufficiency, so long as the other party is not misled or prejudiced. (Cal. Rules of Court, rule 8.100(a)(2); see, e.g., *Red Mountain, LLC v. Fallbrook Public Utility Dist.* (2006) 143 Cal.App.4th 333, 344; *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 20.) We construe the notice of appeal as applying to the formal order after hearing prepared by counsel following the September 17, 2019, hearing, and filed by the court on January 9, 2020. We perceive no prejudice in doing so.

Despite noticing his appeal as being one from the court's order following the September 17, 2019, hearing, appellant raises grievances related only to the court's orders issued in July 2017, September 2018, and October 2018. None of these orders are identified in the notice of appeal. More importantly, a notice of appeal must be filed, at the latest, 180 days from entry of the order appealed from. (Cal. Rules of Court, rule 8.104.) Appellant filed his notice of appeal on November 12, 2019, well beyond the statutory time limit for any order issued in July 2017, September 2018, or October 2018. Accordingly, the time to appeal from these orders has passed.

Finally, any claim appellant may have relative to the January 9, 2020, order is forfeited for failing to make a cogent argument for error supported by citations to the record and relevant legal authority. (*People v. Hardy* (1992) 2 Cal.4th 86, 150 [a reviewing court need not address any issue purportedly raised without argument or citation to relevant authority]; *Estate of Hoffman* (1963) 213 Cal.App.2d 635, 639 ["It is the duty of counsel to support his claim by argument and citation of authority. [A reviewing court is] not obliged to perform the duty resting on counsel."].)

## DISPOSITION

The orders of the court are affirmed.

/s/
HOCH, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
KRAUSE, J.