[L. A. No. 4454. Department Two.—October 13, 1916.]

## In the Matter of the Estate of ALLEN FINCH, Deceased.

ESTATES OF DECEASED PERSONS—FAMILY ALLOWANCE TO WIDOW—MARRIAGE CONTRACT.—A contract between a husband and wife, entered into at the time of the marriage and adhered to by them until the marriage was dissolved by the death of the husband, whereby the income of the separate estate of each was to be devoted to the support of the community, does not deprive the wife of her right to a family allowance from the separate estate of her deceased husband.

ID.—WIDOW'S RIGHT TO FAMILY ALLOWANCE.—Under sections 1465 and 1466 of the Code of Civil Procedure, the surviving wife has a right to a reasonable allowance for her support from the estate of her deceased husband, whether the estate was community property or his separate estate, and irrespective of whether she has estate of her own out of which she might support herself.

APPEAL from an order of the Superior Court of Los Angeles County granting a family allowance from the estate of a deceased person. James C. Rives, Judge.

The facts are stated in the opinion of the court.

B. A. Finch, *in pro. per.,* for Appellant.

Purington & Adair, for Respondent.

LORIGAN, J.—Deceased died testate in Los Angeles leaving an estate consisting of separate property of the value of. fifteen thousand dollars. He left a widow but no children, and by his will gave one-half of his estate to his widow; the other half to his father and four brothers. The widow petitioned for a family allowance, to the granting of which objections were interposed by one of the brothers, a devisee under the will. The court granted the widow an allowance of $75 a month and the objecting devisee appeals.

The claim of the appellant is that by reason of a contract entered into between the widow and the deceased at the time of their marriage, the widow was precluded from making any claim against the estate of deceased for a family allowance. The contract relied on by appellant is as follows:

"Los Angeles, Calif.
"Mar. 11, 1913.

"In conformance with an understanding had contemporaneous with our contract of marriage, and in consideration of mutual love and effection said understanding is hereby reduced to writing acknowledged and recorded and agreed to by and between Allen Finch and Mary L. Finch formerly Mary L. Vogel both of Los Angeles, Calif., that all the rents, issues and profits of our separate property shall be considered as community property but our separate property as a whole shall not lose its identity as such.

"ALLEN FINCH.
"MARY L. FINCH."

It was conceded on the hearing herein that the spouses lived happily together during their marriage; that when the contract was made between them, and during their marriage, they were each the owners of income-bearing property which was managed entirely by the husband, and the income therefrom devoted to the family expenses and their joint use; that during such marriage, and at the death of deceased, the widow owned separate estate of the value of twenty-five thousand dollars, producing, when the application for a family allowance was made, an income of at least one hundred dollars a month.

The contention of appellant is that by reason of this contract between them the widow was precluded from making any claim for a family allowance against the separate estate of her husband. His argument is, that by the contract the respondent here relieved her husband from supporting her as long as the income from her separate estate, which was to be treated as community funds, was sufficient for that purpose, a condition which existed up to the time of the death of deceased and which still exists, as the income from her separate estate is more than sufficient for her support. Hence, it is claimed, that having relieved him by contract from supporting her during her lifetime, his separate estate is relieved from any claim for such support after his death. As supporting his contention, apppellant relies on such cases as *Estate of Noah,* 73 Cal. 583, [2 Am. St. Rep. 829, 15 Pac. 287], and *Estate of Yoell,* 164 Cal. 540, [129 Pac. 999]. But a little consideration will show that the principle of these cases cited is entirely inapplicable here. They were cases

where the application of the widow to the court for a family allowance from the estate of her deceased husband was denied —in the Noah case because the wife had by an agreement of separation from her husband expressly relinquished "all her marital claims," and was further living apart from her husband at his death, and in the Yoell case because the wife had also by an agreement of separation with her husband renounced and waived all claim she might then have against his property, and also as his heir or surviving wife. It is only as surviving wife that a demand for family allowance against the estate of her deceased husband can be made under the statute—sections 1465 and 1466 of the Code of Civil Procedure—and in each of the cited cases the widow had by a solemn agreement with her husband expressly relinquished and renounced the right to make such demand against his estate on his death. But the agreement under consideration here is not at all of the character involved in those cases.. Here the wife did not release her husband from either his primary obligation to support her in his lifetime, or renounce any claim which as surviving wife she might have against his estate upon his death. The contract recognized such primary obligation on the part of the husband by devoting the income of his property to their mutual support. She devoted her income to the same purpose. The contract, however, constituted an arrangement prompted, as stated, by a feeling of mutual affection, whereby, while the matrimonial relation existed, the income of the separate estate of each should be devoted to the support of the community. It was necessarily terminated on the death of either of the spouses, as no community would then exist to which it could have any relation. The spouses had a perfect right to contract with reference to their property during the continuance of the marital relation, and this is all they did. The wife did not contract away any right which she might be entitled to as the surviving wife or widow of her deceased husband in his estate. Her right to an allowance as such is, as we have stated, founded on the statute—sections of the Code of Civil Procedure, *supra*—and does not accrue to the widow until the death of her husband. Under these sections the surviving wife is then given the right to have a reasonable allowance made by the court for her support from the estate of her deceased husband, whether the estate was community property or his separate estate, and

irrespective of whether the widow has estate of her own out of which she might support herself (*Estate of Bump,* 152 Cal. 274, [92 Pac. 643]; *Estate of Cowell,* 164 Cal. 636, [130 Pac. 209]), and as the contract relied on by appellant was in no respect a relinquishment of this right, the superior court properly ignored it and awarded her a family allowance.

Appellant complains that the court failed to make special findings of fact which he requested. But he was in no way prejudiced thereby. No material issue was raised by his objection to a family allowance based solely upon this contract between the spouses, which was all he relied on. A special finding respecting it would have been of no benefit to him had it been made, hence a failure to make it could not have prejudiced him.

The order appealed from is affirmed.

Melvin, J., and Henshaw, J., concurred.