[Civ. No. 7107.   Second Appellate District, Division One.—February 10, 1930.]

In the Matter of the Custody of MARGUERITE TEMPLETON WOOD, Minor.   TEMPLETON W. WOOD, Appellant, v. MATILDA EVELYN WOOD, Respondent.

Morin, Newell & Brown, Morin, Newell, Brown & Hamill and J. W. Morin for Appellant.

Milton M. Cohen and C. O. Bacon for Respondent.

HOUSER, J.—In an action for divorce between the parties hereto an interlocutory decree was entered in favor of the plaintiff. Thereafter, by order of the trial court, the custody of a minor daughter of the parties was awarded to the father. Some eighteen months later (by way of motion) the mother sought from the trial court a modification of the former orders, to the end that the custody of the daughter be changed from the father to the mother. It is from each of two several orders by which such change of custody of the daughter was directed that the appeal herein is taken.

Appellant first complains of an alleged irregularity which occurred on the hearing of the matter before a referee appointed by the trial court, which, as stated by appellant, consisted of an examination by the referee of the daughter as a witness without first administering to her the legal oath and without the presence of either of the parties to the proceeding; also, in forbidding either examination or cross-examination of said witness by either of counsel representing the respective parties to the action. As in connection therewith the record on appeal fairly discloses the fact that "counsel for the various parties agreed and acquiesced in the said procedure," it is manifest that appellant is now in no position to raise any question with reference thereto.

Prejudicial error is suggested in that the referee "refused to consider in evidence matters and things that had

transpired prior to the making of the (original) order, . . . or conditions as they existed at the time of the making of the (original) order,'' by which the custody of the minor daughter was awarded to the father.

As a basis for the first order, the trial court made certain findings of fact, among which is the statement that the mother was ''not a fit and proper person to have the care or custody or control of said minor child. . . . —the court having determined that the influence of the defendant (the mother) is disturbing to the child and has a tendency to retard her progress from the effect of certain former unfortunate and prejudicial influences.'' No other findings of fact having been made with reference to the fitness of the mother to have the care and control of the child, and no appeal having been taken from the order which was based upon such finding, the unfitness of the mother, as of the date of said order, must be taken as having been conclusively established. The sole purpose of the later inquiry instituted by the mother was to determine whether, since the date of the former order, such an intrinsic change had taken place in the character of the mother and her surroundings, as manifested by her then disposition, proclivities and general conduct since the rendition of the former order, as would justify the conclusion that, considering the then surroundings of the father and the daughter, the mother was more fit and proper than the father to have the care, custody, control and rearing of such child.

It is apparent that, so far as the hearing on the motion which resulted in the order here in question is concerned, even by the introduction of evidence identical with that which was adduced on the hearing of the former motion, or if conceivable, even by stronger evidence relating thereto, a conclusion more unfavorable to the fitness of the mother to have the care and custody of the daughter as of the date of the first order, would not have been possible. On the hearing of the motion made by the mother, so far as concerned the condition of her former unfitness to have the custody and control of the daughter, that condition was necessarily unconditionally accepted as, and conceded to be, a definite, incontestable, fact. Since nothing could be added to such conclusion as of the date of the former order, nor anything be subtracted from it, the uselessness of evidence

relating to facts upon which to rest a like ultimate conclusion is manifest. The only bearing that evidence as to specific acts preceding the former order could have upon the issue as to the propriety of making a change in the custody and control of the daughter was that the former conduct of the mother might afford some indication as to what possibly might be expected in the future; but considering the fact that the entire evidence introduced on the hearing of the motion presented by the mother, if it did not establish, at least it tended to prove that her then mode of living was, and for many months theretofore preceding had been, exemplary in all respects, with no suggestion of any irregularities or departures from established conventionalities—it is apparent that the error (assuming it to be such) of which complaint is made was not of that importance which in itself would justify a reversal of the order. From a consideration of the "entire cause, including the evidence," this court is not of the opinion "that the error complained of (if any) has resulted in a miscarriage of justice." (Sec. 4½, art. VI, Const.)

Further complaint is registered by appellant because of the failure or refusal of the referee to receive in evidence and to consider a transcript of the testimony given by two witnesses on the hearing of the former motion relating to "the inherent mental condition" of the mother. In addition to other patent legal reasons for sustaining the objection interposed by counsel for the mother to the introduction of such testimony, it need only be reiterated that the referee primarily was concerned, not with conditions preceding the date of the former order, but was properly interested solely with the question of whether at the time of the hearing here under consideration was the mother more fit than the father to be entrusted with the care and rearing of their minor daughter.

With much earnestness appellant urges this court to review the evidence and, founded thereon, in effect to direct the entry of an order by which the custody of the child will remain in the father. But the law is well settled that, where the issue relates to the care and custody of minor children, in the absence of a clear abuse of discretion, the orders made by a court having jurisdiction in the premises are conclusive. The relative functions of the lower court and

an appellate tribunal in such matters are aptly and forcefully stated in the case of *Crater* v. *Crater,* 135 Cal. 633, 634 [67 Pac. 1049], as follows:

" . . . It is well established that in divorce proceedings the court has the power to vary and modify its decree as to the custody of the minor children from time to time, as circumstances change. The court, in revising and modifying its decree, proceeds upon new facts considered in connection with the facts formerly established, the change of circumstances, the conduct of the parties, and the best interests of the child. The good of the child is regarded as the controlling force in directing its custody, and the courts will always look to this rather than to the whims and caprices of the parties. The morals of the parents, their financial condition, their subsequent marriage, the age of the child, and the devotion of either parent to its best interests are all factors to be weighed and considered by the court. All such applications are addressed to the sound legal discretion of the court below, and its conclusion will not be disturbed, except it should clearly appear that its discretion has been abused. . . . " To the same effect, see *Swenson* v. *Swenson,* 101 Cal. App. 440 [281 Pac. 674]; *Van der Vliet* v. *Van der Vliet,* 200 Cal. 721 [254 Pac. 945]; *Bancroft* v. *Bancroft,* 178 Cal. 352 [173 Pac. 582]; *Black* v. *Black,* 149 Cal. 224 [86 Pac. 505]; *Dickerson* v. *Dickerson,* 108 Cal. 351 [41 Pac. 475]; *Lefebvre* v. *Lefebvre,* 48 Cal. App. 483 [192 Pac. 76].

For the reason that each of the other errors suggested by appellant is subsidiary to or dependent upon those alleged errors to which attention herein has been directed, it is deemed unnecessary to give to them further consideration.

The orders are affirmed.

Conrey, P. J., and Craig (Elliot), J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 28, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 10, 1930.

All the Justices present concurred.