[Civ. No. 6538.   Third Dist.   Oct. 22, 1941.]

GEORGE VALENTINE, Appellant, v. HYLA M. VALEN-
TINE, Respondent.

Hawkins, Hawkins & Cardozo for Appellant.

Gumpert & Mazzera and J. Calvert Snyder for Respondent.

TUTTLE, J.—An interlocutory decree of divorce, based
upon the sole ground of extreme cruelty, was entered in favor

of appellant on November 24, 1939, under the provisions of which the custody of a minor daughter of the parties was awarded to appellant. The child was about two years of age. The court also found that respondent was not a fit and proper person to have the custody of said minor. Thereafter, and on the 4th day of April, 1940, respondent moved the court for an order modifying said decree, and awarding the custody of said minor to her. The testimony taken at the hearing takes up some two hundred pages of the transcript. In addition, there are forty affidavits which are a part of the record. The trial court granted the motion, and entered an order awarding the custody of said minor to respondent, her mother. This appeal is taken from the order.

At the outset we might call attention to the law governing a situation of this character. Section 138 of the Civil Code provides as follows:

"In actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same. In awarding the custody the court is to be guided by the following considerations:

"(1) By what appears to be for the best interest of the child in respect to its temporal and its mental and moral welfare; and if the child is of a sufficient age to form an intelligent preference, the court may consider that preference in determining the question;

"(2) As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, it should be given to the mother; if it is of an age to require education and preparation for labor and business, then to the father."

In *Crater* v. *Crater*, 135 Cal. 633 [67 Pac. 1049], it is said:

"It is well established that in divorce proceedings the court has the power to vary and modify its decree as to the custody of the minor children from time to time, as circumstances change. The court, in revising and modifying its decree, proceeds upon new facts considered in connection with the facts formerly established, the change of circumstances, the conduct of the parties, and the best interests of the child.

The good of the child is regarded as the controlling force in directing its custody, and the courts will always look to this rather than to the whims and caprices of the parties. The morals of the parents, their financial condition, their subsequent marriage, the age of the child, and the devotion of either parent to its best interests are all factors to be weighed and considered by the court. All such applications are addressed to the sound legal discretion of the court below, and its conclusion will not be disturbed here, except, it should clearly appear that its discretion has been abused.''

■ It is the contention of appellant that under the holding in the case of *Foster* v. *Foster,* 8 Cal. (2d) 719 [68 Pac. (2d) 719], the decree could not be modified unless the evidence discloses a ''change of circumstances'' since the entry of the first order, and that the record shows that the facts presented are the same as those proven at the original hearing. Respondent asserts that other and additional facts were proven at the second hearing. As the record at the former hearing is not before us, we cannot say that the proof was the same as that adduced at the original hearing. In support of the order, we must assume that other and different facts were established at the second hearing.

■ It is next urged that the court erred, over the objection of appellant, in admitting in evidence testimony concerning matters which occurred prior to the first hearing. Only three instances of such alleged error are pointed out by appellant. Several witnesses were asked the question in respect to respondent, and concerning her reputation for morality ''at any time during the last six or eight months.'' The second hearing was held more than six months after the first. The only other instance of testimony in the same category to which an objection was overruled, is the following, (with a Mrs. Medlin on the witness stand): ''Q. Now, will you state whether or not, prior to 1939, Mr. Valentine manifested any affection toward you? A. Yes. We manifested an attraction for each other.''

The sole issue before the court was the fitness of each spouse to have the custody of their child. Each attacked the other. Evidence of the delinquencies of either which concerned acts committed *prior* to the first hearing were clearly not admissible. (*In re Wood,* 103 Cal. App. 790 [285 Pac. 323].) ■ We are of the opinion, however, that

the admission of the testimony mentioned was not an error of sufficient gravity to warrant a reversal of the order. Aside from such testimony, there is abundant evidence to sustain the finding of the trial court that respondent was a fit person to have the custody of her daughter. In addition, the legislature has laid down the rule that "other things being equal, if the child is of tender years, it should be given to the mother. . . . " (Civ. Code, sec. 138, subd. 2.) In the final analysis, the sole question is the best welfare of the minor, and on a hearing *of this character*, justice is not attained by a too strict adherence to the technical rules of evidence. The discretion committed to the trial court was not abused.

The order is affirmed.

Thompson, J., and Pullen, P. J., concurred.