[Civ. No. 12614.   First Dist., Div. Two.   May 4, 1944.]

EMILY M. BECKER, Appellant, v. FREDERICK BECKER, Respondent.

Wm. R. Biaggi for Appellant.

Edward M. Fellows and Robert E. Hayes for Respondent.

SPENCE, J.—Plaintiff appeals from an order modifying a decree of divorce by reducing the amount to be paid by defendant to plaintiff for support and maintenance from $75 per month to $45 per month.

The interlocutory decree had been entered in favor of plaintiff on December 19, 1941, after defendant's default. The final decree, embodying the terms of the interlocutory decree, had been entered on January 13, 1943.   On February 2, 1943, defendant served and filed a notice of motion for modification and the motion was thereafter denied on February 11, 1943.   On May 7, 1943, defendant served and filed a second notice of motion for modification and the motion was thereafter granted on May 26, 1943.   The reporter's tran-

script of the testimony taken on the hearing of the second motion is before us on this appeal but there is no transcript of the testimony taken upon the hearing of the divorce proceeding or upon the hearing of the first motion for modification. The second motion was heard upon the affidavits of the parties and upon the oral testimony of the parties and other witnesses.

Upon the hearing, it appeared that defendant was earning about $50 per week and that his family consisted of himself and his second wife. It further appeared that he was indebted in the sum of several hundred dollars in addition to the sum of $150 which he had borrowed shortly before the hearing to pay to plaintiff on account of alimony. The only property owned by defendant was a dwelling house of small value at Carmel, an automobile and a tractor which was being held as security for some of his indebtedness. It appeared that plaintiff was the owner of a dwelling house of small value in which she was residing in Santa Clara. This property had apparently come to her in a division of the community property made by the parties, plaintiff having taken the Santa Clara property and defendant having taken the Carmel property. Plaintiff had been able to work and had worked during part of the married life of the parties and thereafter, but she testified that more recently she had worked only irregularly because of her health. She presented letters from two doctors which were admitted in evidence. These letters showed a normal woman, 49 years of age, except for her claimed "nervousness, feeling of weakness, periods of crying, unable to continue to work, inward feeling of shakiness." One doctor's report states, "She thinks she is about through the change of life although she still has hot flashes." Her trouble was diagnosed as neurasthenia. Complete rest was recommended by one doctor but the other doctor made no recommendation, stating only, "She is unable to do regular work." These reports were based largely upon subjective symptoms which plaintiff had described to the doctors and the trial court may well have believed that plaintiff had exaggerated or even misrepresented these symptoms. The trial court may also have been of the opinion that these symptoms had been more pronounced at the time of the divorce hearing and at the time of the hearing on the first motion and that plaintiff's nervous difficulties had practically terminated at the time of the hearing of the second motion and would termi-

nate entirely upon the completion of this controversy with her former husband.

Plaintiff contends that there was no evidence "showing any new facts or change of circumstances" and that therefore the evidence was insufficient to sustain the order made granting the second motion to modify. She cites and relies upon *Snyder* v. *Snyder*, 219 Cal. 80 [25 P.2d 403], and other similar cases. It will be noted, however, that in the Snyder case the second application was made "upon practically an identical affidavit" and that the second application was granted "Under said affidavit alone, without the development of a single new fact. . . ." (p. 81.) In the present case oral testimony was taken upon the divorce hearing, upon the hearing of the first motion to modify and upon the hearing of the second motion to modify, but nevertheless, none of such testimony, other than that taken upon the hearing of the second motion, is before us on this appeal. Under these circumstances we are of the opinion that the decision in *Leupe* v. *Leupe*, 21 Cal.2d 145 [130 P.2d 697] is controlling. The court there said at page 151:

"Appellant's final contention with respect to the allowance for her support is that the evidence presented to the trial court is insufficient to warrant a reduction of the payments originally ordered. It is clear that a modification of an award pursuant to section 139 of the Civil Code, *supra*, rests within the discretion of the court, and its order may not be set aside without a clear showing of an abuse of discretion. (See, for example, *Whitehead* v. *Whitehead*, 45 Cal.App.2d 447 [114 P.2d 403]; *Willen* v. *Willen*, 119 Cal.App. 483 [6 P.2d 554]; *Marshall* v. *Marshall*, 196 Cal. 761, 765, 767-768 [239 P. 36]; *Bruton* v. *Tearle*, 7 Cal.2d 48, 59 [59 P.2d 953, 106 A.L.R. 580]; cf. *Wilder* v. *Wilder*, 214 Cal. 783 [7 P.2d 1032].) Mrs. Leupe argues, however, that there is no room for an exercise of this discretion unless the moving party is able to show a substantial change in the circumstances of the parties between the entry of the interlocutory decree and the application for its modification. We cannot say on the record before us that the evidence was not sufficient to support a finding of changed circumstances justifying the reduction that was made. First, the testimony upon which the interlocutory decree was based has not been made a part of the record upon appeal, and pursuant to stipulation no findings of fact were made. Therefore we do not know what was con-

sidered by the trial court and are unable to determine whether or not different facts were established upon the motion for modification. This situation is almost identical with that recently presented in *Valentine* v. *Valentine,* 47 Cal.App. 2d 438 [118 P.2d 17]. A similar order modifying an interlocutory decree was affirmed in that case over an objection that there was no showing of a change of circumstances, the court saying (p. 440) : 'As the record at the former hearing is not before us, we cannot say that the proof was the same as that adduced at the original hearing. In support of the order, we must assume that other and different facts were established at the second hearing.' This reasoning is particularly applicable in the instant case because the same trial judge presided at both hearings, and we cannot assume that he would have altered the award in the absence of such a showing.''

As we understand the phrase ''circumstances of the parties'' as used in the decisions, it refers to the needs of the parties and the abilities of the parties to meet such needs; and in measuring such circumstances, consideration should be given to property owned and obligations to be met as well as to ability to earn and actual earnings. The evidence showed that plaintiff owned her home and was free from debt; and the trial court was justified in concluding that plaintiff had the ability to do some work and to meet her needs at least in part. On the other hand, the evidence showed that defendant owned but little property and had comparatively heavy obligations; and the trial court was justified in concluding that he had only the ability to meet plaintiff's needs in part. We are therefore of the opinion that under the evidence presented plaintiff could not have successfully claimed on appeal that the trial court abused its discretion in awarding her a sum no greater than $45 per month if said sum had been made as an initial award of alimony.

While this appeal is from an order modifying an initial award of $75 per month, we do not believe that plaintiff may successfully claim that the trial court abused its discretion in making the modification in the absence of a more complete showing than that found in the record before us. The testimony on the former hearings may have shown that plaintiff's needs were then greater and that her ability to meet those needs was then less than that shown at the hearing of the second motion. The testimony may have further

shown that defendant then owned more property, including cash on hand, and that his obligations were then less. But all these matters remain in the realm of conjecture upon the record before us. Plaintiff claims that the record shows that defendant's earnings were greater at the time of the hearing of the second motion but we do not believe the evidence compels that inference. As we read the record, the testimony given on the hearing of the second motion regarding defendant's former income while ranching may have related to his income from that source rather than to his entire income. But in any event, the record does not show the *testimony* given on the divorce hearing and upon which the initial award of $75 per month was based. Under the authority of *Leupe* v. *Leupe, supra,* every presumption is in favor of the order of modification and in the absence of a record of the testimony on the former hearings, we must assume that other and different facts and circumstances were established on the hearing of defendant's second motion for modification.

The order is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.