[Civ. No. 15857.  First Dist., Div. One.  May 11, 1954.]

PEARL L. SHULMAN, Appellant, v. BEN R. SHULMAN, Respondent.

Pearl L. Shulman, in pro. per., for Appellant.

Desky & Lindsay, Monroe Friedman and Elaine F. Nemer for Respondent.

McMURRAY, J. pro tem.*—On January 4, 1951, plaintiff obtained "Final Judgment of Divorce" from defendant, wherein defendant was ordered to pay the sum of $280 per month for alimony and support of the two minor children of the parties.  One of these children reached majority and the amount of monthly payment was reduced thereby to $240. In May, 1951, both parties filed affidavits and requests for modification of the support payments, the plaintiff seeking to have such payments increased, the defendant seeking to

---

*Assigned by Chairman of Judicial Council.

have them decreased. After hearing in June, 1951, both of these requests were denied. In November, 1952, defendant filed his affidavit and request for a decrease of support and in January, 1953, plaintiff filed her affidavit and request for an increase of support. Both of these requests were heard in January, 1953, and the court modified the final decree of divorce by reducing the amount of support for plaintiff and the minor daughter from $240 per month to $150 per month.

Plaintiff appeals from this order.

The record does not include any transcripts of the original divorce action or of the proceedings on the former applications for modification of the divorce decree. Appellant has, however, incorporated in her briefs certain excerpts from these earlier proceedings, which are not, of course, properly before us at this time.

■ Appellant contends that the court erred in ordering the modification of the decree, without having before it any evidence of change of condition of the parties since the last hearing requesting modification. She cites *Snyder* v. *Snyder,* 219 Cal. 80 [25 P.2d 403], for this proposition. That case does so hold, but here the record affirmatively shows evidence of change in condition since the prior hearing. There is testimony that respondent's income for the year 1951 was $3,156.43, and that during that year respondent paid appellant $2,880, and that in 1951 defendant sold a diamond ring in order to realize $1,500. It also appears that appellant in October, 1951, transferred her home to her sister without consideration, although this house was worth $11,000 less an encumbrance of $2,500.

In 1952 respondent's earnings from his junk business amounted to $3,241.34, of which amount, after depreciation, $2,504.50 was taxable profit. Respondent paid appellant approximately $2,700 under the court's order and found it necessary to borrow $2,000 from a bank, giving a mortgage on his automobile and truck to secure payment, and also borrowed $1,000 from a private individual in the same year. Respondent during the entire period here in question has been in a wheel chair and consequently requires more money for living expenses than if he were not so afflicted.

The sale of the ring and the necessity of borrowing on his personal property show a change of condition sufficient to justify the court's order here. These latter transactions all took place after the first hearing for modification, and resulted in increasing respondent's obligations by a substantial

amount. This is a proper subject for consideration on an application for modification of an order awarding alimony. (*Becker* v. *Becker,* 64 Cal.App.2d 239 [148 P.2d 381].)

Appellant further contends that the court erred in shifting the burden of proof to her, but a thorough reading of the record shows no such shift. Appellant also complains of testimony of respondent's accountant based on certain notations. The evidence was admitted without objection and was based upon business entries, informal though they were. The other points urged by appellant show a misunderstanding of the law.

In essence, appellant's position is that the evidence is not credible. It is not the province of this court to judge the credibility of witnesses.

"It is clear that a modification of an award pursuant to section 139 of the Civil Code, . . . rests within the discretion of the court, and its order may not be set aside without a clear showing of an abuse of discretion." (*Leupe* v. *Leupe,* 21 Cal.2d 145, 151 [130 P.2d 697].)

The order appealed from is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.