[Civ. No. 25136.   Second Dist., Div. Two.   May 23, 1961.]

ETHEL LOIS ZIMMERMAN, Appellant, v. MEYER
WILLIAM ZIMMERMAN, Respondent.

Gold, Sturman & Gold and J. Howard Sturman for Appellant.

A. Joseph Sherwood for Respondent.

FOX, P. J.—Plaintiff appeals from an order denying her application for an increase in alimony from $1.00 per year to $350 per month. Her only contention is that there has been a change of circumstances which requires modification of the original order, and that the trial court abused its discretion in failing to recognize such change and to modify the order accordingly.

In the interlocutory decree entered on April 20, 1959, it was adjudged that both parties were entitled to a divorce on the ground of "extreme cruelty" under the doctrine of *DeBurgh* v. *DeBurgh*, 39 Cal.2d 858 [250 P.2d 598]. Consequently, the community assets were divided equally, each party receiving property valued at $55,339.40. The court also ordered the defendant to deliver lease-contracts which he held on certain machinery and equipment to Union Bank & Trust Company to enable it to collect on said leases the amounts due thereon and to deposit the net proceeds in a joint account in the names of plaintiff and defendant, from which account certain enumerated obligations, totaling some $58,000 would be paid, any balance to be divided equally between the parties. Further, defendant was ordered to "liquidate forthwith, for the best price obtainable," certain community businesses, and, after deducting from the proceeds expenses of liquidation, obligations to creditors, and taxes, to divide equally any balance remaining. Plaintiff was awarded token alimony of $1.00 a year.

The final decree of divorce was entered on May 3, 1960.

On April 7, 1960, plaintiff filed an order to show cause, seeking to increase alimony payments from the nominal amount of $1.00 per year to $350 per month. Hearing was held on this application during the following month. The court denied plaintiff any relief. It is from this order that she has appealed.

Plaintiff's testimony revealed that she still owns the furnished, three-bedroom home which was awarded to her in the interlocutory decree, for which she had refused a cash offer of $40,000, subject, however, to an encumbrance of $17,000; that she had leased this home at a gross rental of $400 a month, from which she received a net return of $143 a month; that she has the jewelry, valued at a little more than $20,000, which was awarded to her; that she has in the bank $3,226 of the $6,389.07

which her husband had paid to her in accordance with the provisions of the interlocutory decree. Plaintiff, who was 53, indicated that she had tried to work since the interlocutory decree but had been unable to hold a job.

Defendant's income tax return showed a net income of $14,127.89 for 1958; his return for 1959 showed no taxable income. The tax accountant testified that both returns were prepared on the same basis. Defendant testified that his net worth at the time of this hearing in May, 1960, was considerably less than it was at the time the interlocutory decree was granted in April, 1959. His testimony also indicated that apart from a bank loan which he had made for business purposes, he had only about $1,000, and that he owed numerous bills.

Defendant had recently remarried. He suffered a coronary attack in 1951. At the time of the hearing he had been feeling fine except for chest pains; that he had reduced his auction business because of these chest pains since his doctor did not think it was a very good idea for him to conduct auctions.

It appears that defendant has not liquidated the business in which he was engaged, in accordance with the order of the trial court in the interlocutory decree, nor has he accounted to plaintiff for any profits realized therefrom.

In seeking a reversal plaintiff contends (1) that at the time of the divorce trial defendant represented himself to be a sick man about to go out of business; (2) that it was contemplated that plaintiff would work to supplement her income, but she had been unable to maintain employment and had no likelihood of finding satisfactory employment; and (3) that defendant had failed to liquidate the business and pay her one-half of the net proceeds realized therefrom, in accordance with the original order of the court.

Initially, it should be noted (1) that on factual issues an appellate court must view the record in the light most favorable to the party who was successful in the trial court (*Primm* v. *Primm*, 46 Cal.2d 690, 693 [299 P.2d 231]; (2) that "An abuse of discretion is never presumed and it must be affirmatively established" (*Wilder* v. *Wilder*, 214 Cal. 783, 785 [7 P.2d 1032]); and (3) that "a modification of an award pursuant to section 139 of the Civil Code . . . rests within the discretion of the court, and its order may not be set aside without a clear showing of an abuse of discretion" (*Leupe* v. *Leupe*, 21 Cal.2d 145, 151 [130 P.2d 697]).

■ We may consider plaintiff's first and second contentions together. They do not establish any justification for a reversal of the order for the reason that there is no foundation in the record before this court to support either of her claims. The instant record does not contain any finding or evidence from the divorce case which discloses either the physical condition of the defendant at the time, or the employment potential of the plaintiff. Absent such a showing, there is no basis upon which this court can determine whether there is any substance to these contentions of the plaintiff. Without such a showing we must assume in support of the order that the record in the divorce case on these factual questions is not out of harmony with the showing made at the hearing on the order to show cause. (*Leupe* v. *Leupe, supra,* pp. 151-152; *Valentine* v. *Valentine,* 47 Cal.App.2d 438, 440 [118 P.2d 17]; *Becker* v. *Becker,* 64 Cal.App.2d 239, 242 [148 P.2d 381].)

■ Plaintiff emphasizes the fact that defendant has not liquidated the business and paid her one-half of the net proceeds as ordered in the divorce case. She, in effect, argues that this is a change of circumstances that requires the court to increase her alimony. She is thus attempting to enforce the prior liquidation order in this indirect manner. This she may not do. Her remedy with respect to the liquidation order is to take appropriate, affirmative action to compel defendant to carry out its terms and provisions.

It is clear from the record before this court that plaintiff has failed to "affirmatively establish" (*Wilder* v. *Wilder, supra*) an abuse of discretion on the part of the trial court. The order must therefore be affirmed. (*Leupe* v. *Leupe, supra*; *Becker* v. *Becker, supra,* pp. 241, 243.)

The order is affirmed.

Ashburn, J., and McMurray, J., pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.