[Civ. No. 6638. Fourth Dist. Jan. 29, 1962.]

Estate of NICHOLAS FICKLIN LOUNDAGIN, Deceased. JOSEPHINE LOUISE LOUNDAGIN, Petitioner and Appellant, v. AGNES LOUNDAGIN, as Executrix, etc., Objector and Respondent.

Pence, Downing & Downing for Petitioner and Appellant.

No appearance for Objector and Respondent.

GRIFFIN, P. J.—Josephine Louise Loundagin, widow of deceased Nicholas Ficklin Loundagin, appeals from a portion of an order granting a widow's allowance in the sum of $75 per month beginning July 20, 1960, and continuing until the further order of the court, on the ground that this allowance was so inadequate as to be an abuse of discretion. (Citing such authority as *Estate of Lux*, 100 Cal. 593 [35 P. 341]; *Estate of Finch*, 173 Cal. 462, 464 [160 P. 556]; *Estate of Secord*, 84 Cal.App.2d 783 [192 P.2d 81].)

Probate Code, section 680, provides that the widow and minor children are entitled to: ". . . such reasonable allowance out of the estate as shall be *necessary* for their maintenance according to their circumstances. . . ." (Italics ours.)

Decedent and petitioner were married on August 15, 1928. They separated about March 16, 1959, and secured an interlocutory decree of divorce on August 27, 1959. The deceased died on February 20, 1960. His estate consisted of cash in the approximate sum of $3,850. Creditors' claims thus far filed in the estate are for the balance of funeral expenses amounting to $88.37. The time for filing claims had not elapsed at the time of the application for a widow's allowance. Petitioner owns separate property consisting of life insurance money collected on the death of deceased in the sum of $24,149.76, plus $9,250 from the sale of their former home. Petitioner has current earnings of approximately $500 per month. She testified that her current living expenses were $350 per month. The court also found that petitioner's current and reasonable living expenses were in the sum of $350 per month. She prayed for an allowance of $300 per month. The court then concluded that petitioner, as deceased's widow, was entitled to a family allowance out of the estate and that such allowance should be in the sum of $75 per month.

In decedent's will, he provided that all of his estate go to his mother; that the omission therein of their adult children and grandchildren and his divorced wife as beneficiaries was intentional.

Petitioner testified that she lives in a private home, owned by her, consisting of three bedrooms, two baths, and valued at about $25,000, and that she is employed and now earns about $500 per month. There was testimony that creditors' claims totaling $1,202.48 were paid by the deceased's mother and notice to creditors had not at that time been published.

Petitioner argues that, irrespective of the value of the estate and the amount of the creditors' claims against it, she has the right to be supported from the estate in an amount commensurate with her living expenses, regardless of her own means, and that under Probate Code, sections 680 and 950, such order has priority over payment of charges against the estate of deceased. (Citing *Estate of Cowell*, 164 Cal. 636, 641 [130 P. 209]; *Estate of Bump*, 152 Cal. 274, 276 [92 P. 643].)

Petitioner also claims that the decision in *Estate of Brooks*, 28 Cal.2d 748 [171 P.2d 724], is not here applicable. There,

the interlocutory decree provided no support for the widow and the court held that there was an adjudication that the widow was not entitled to support by reason of the decree and accordingly the denial of a family allowance was authorized. Petitioner here points out that in her divorce case, the interlocutory decree provided that since the health of the husband was such that he could not pay proper support money, but should pay plaintiff $1.00 per month until further order of the court, this was an adjudication that she was entitled to some support. (Citing *Estate of Ruiz*, 53 Cal. App.2d 363 [127 P.2d 945].)

Petitioner concedes that the amount of the widow's allowance is confided in the discretion of the court under principles which control the exercise of discretion and argues that unless the amount granted bears some logical relationship to the amount needed for support it cannot be said to be within the permissible range of the court's discretion. (Citing 3 Witkin, Cal. Procedure, § 82, p. 2244.)

██ Under Probate Code, section 680, the widow's allowance takes preference over all other charges, except funeral, last illness and administration expenses. ██ The court has a wide discretion in making an order for family allowance, including such matters as its *necessity*, its amount and its duration. (*Estate of Houchin*, 160 Cal.App.2d 81 [324 P.2d 647].) There appears to be no hard and fast rule in exercising this discretion. ██ In *Gossman* v. *Gossman*, 52 Cal.App.2d 184, 195 [126 P.2d 178], it is said that:

"The word imports the exercise of discriminating judgment within the bounds of reason. Discretion in this connection means a sound judicial discretion, enlightened by intelligence and learning, controlled by sound principles of law, of firm courage combined with the calmness of a cool mind, free from partiality, not swayed by sympathy nor warped by prejudice nor moved by any kind of influence save alone the overwhelming passion to do that which is just."

██ "Like the probate homestead, the family allowance is highly favored, being intended to protect the family, deprived of its normal source of support, during the period of greatest need." (4 Witkin, Summary of Cal. Law, § 309, p. 3293.)

That the court may take into consideration other factors than the mere right to allowance and the testimony of the widow as to the amount she requires for her support is discussed in *Estate of Silver*, 92 Cal.App.2d 173 [206 P.2d 895]. The ques-

tion of necessity was held to be admissible. There, the trial court refused an offer of proof that the widow received $76,000 in cash and a substantial outside income from investments for the purpose of showing necessity. The appellate court held, speaking through Justice McComb, that it was prejudicial error to refuse this evidence. Hearing was denied by the Supreme Court. *Estate of Cesare,* 130 Cal.App.2d 557, 569 [279 P.2d 607], held that an allowance of $75 per month to the surviving husband was proper where he was no longer employable and had a separate bank account of nearly $4,000.

In *Estate of Kennedy,* 64 Cal.App.2d 757 [149 P.2d 319], it was held that there was no abuse of discretion in denying the testator's widow a second family allowance out of an estate appraised at $4,940.75 where her first allowance of $1,200 for one year and charges against the estate amounted to about $500 were paid by the sole distributee under the will, where the testator had not lived with his wife for at least 15 years and she had not received nor claimed support from him, and where the distributee and her husband dismissed claims against the estate just before final distribution.

Petitioner points to no authority holding that an allowance of $75 per month is unreasonable under facts similar to those here related.

 Petitioner here was divorced by interlocutory decree from deceased, who was, at that time, found by the court in the divorce action to be sickly and unable to pay and to adequately support petitioner. She collected $24,149.76 from deceased's insurance policy and is now fruitfully employed. Under the decree of divorce, he was no longer obligated to pay for her support excepting $1.00 per month. Deceased left a small estate in cash. Even this order of $75 per month, if permitted to run for any extended time, would consume the assets and deprive the estate of money with which to pay legitimate claims against it excepting possible funeral expenses, etc. The sole devisee apparently paid nearly $1,200 in funeral bills and would be deprived of her inheritance if this order is allowed to continue at its present rate.

We conclude that petitioner has not sufficiently shown that the trial court abused its discretion in making the allowance indicated under the circumstances shown.

Order affirmed.

Shepard, J., and Coughlin, J., concurred.