[Civ. No. 26828. First Dist., Div. Two. Oct. 23, 1970.]

EUGENE M. WEBB, Plaintiff, Cross-defendant and Appellant, v. AILEEN LAYNE WEBB, Defendant, Cross-complainant and Respondent.

**COUNSEL**

Field, DeGoff, Huppert & Maguire, Martin Field and Leslie G. MacGowan for Plaintiff, Cross-defendant and Appellant.

Stubbs & Dibert and Daniel H. Dibert for Defendant, Cross-complainant and Respondent.

**OPINION**

**SHOEMAKER, P. J.**—This is an appeal by plaintiff Eugene Webb from an order denying his motion for modification or termination of alimony.

In July 1964, plaintiff Eugene Webb commenced a divorce action against defendant Aileen Webb. Defendant cross-complained, and on December 24, 1964, she was granted an interlocutory decree of divorce which approved

the provisions of a nonintegrated property settlement agreement. Pursuant to the interlocutory decree, plaintiff was ordered to pay alimony in the amount of $1,050 per month and child support in the total amount of $300 per month.

On April 20, 1966, a final decree of divorce, which reaffirmed the provisions of the interlocutory decree, was entered.

On June 17, 1968, plaintiff moved for an order terminating or decreasing alimony and awarding him custody of the parties' 13-year-old son, Eugene. Defendant filed a cross-motion for an order increasing alimony.

When the matter came on for hearing, counsel advised the court that pursuant to the agreement of the parties, custody of the boy Eugene had been transferred from defendant to plaintiff.

Evidence was then taken relative to plaintiff's motion for a termination or decrease of alimony and defendant's cross-motion for an increase in alimony. Plaintiff testified that he and defendant were married in 1940. In 1964, when the interlocutory decree of divorce was entered, plaintiff, a neurosurgeon, earned a net income of $36,843.25. His net income for the preceding year, 1963, was $27,629.99. Defendant, who was also a physician, was unemployed at the time of the divorce, and she was awarded custody of the parties' three minor children. In addition to the provisions for child support and alimony, defendant was awarded assets and property of considerable value. Thus, according to plaintiff's testimony, defendant received a residence valued at $100,000, furnishings worth $15,000 to $20,000, certain Clear Lake real property worth $150,000, and stocks and bonds worth $10,000. Plaintiff received only one major asset, consisting of real property valued at $11,000.

In 1968, when modification of alimony was sought, two of the parties' three children had attained their majority and were no longer living with defendant. Custody of the third child, as noted above, was transferred to plaintiff by agreement of the parties. Defendant was regularly and steadily employed as an associate pathologist and was earning a gross income of $1,500 per month or $18,000 per year. She had retained the residence and the Clear Lake property, and had $3,123.41 in various savings accounts, plus $1,122.74 in her checking account. She also owned stocks worth $3,470.70.

Plaintiff had remarried in 1966. In 1966, his net income was $35,451.34, and in 1967, $38,974.06. His only major asset was the real property awarded him in the divorce proceedings. He owed $9,000 on two bank loans.

By order of January 6, 1969, the court denied plaintiff's motion to

terminate or decrease alimony and denied defendant's motion to increase alimony. The court did not rule on the motion for change of custody, but acknowledged in its order that custody of the boy Eugene had been transferred to plaintiff pursuant to the agreement of the parties.  ■  Plaintiff appealed from that portion of the order denying his motion to terminate or decrease alimony.[1]

■  It is settled that modification of an alimony award rests within the sound discretion of the trial court and that its order may not be set aside without a clear showing of an abuse of discretion. (*Peirce* v. *Peirce* (1966) 243 Cal.App.2d 330, 339 [52 Cal.Rptr. 259]; *Zimmerman* v. *Zimmerman* (1961) 192 Cal.App.2d 407, 409 [13 Cal.Rptr. 308].)  ■  Discretion has been defined as the exercise of discriminating judgment within the bounds of reason. (*Gossman* v. *Gossman* (1942) 52 Cal.App.2d 184, 195 [126 P.2d 178]; *Estate of Loundagin* (1962) 199 Cal.App.2d 555, 558 [19 Cal.Rptr. 19].) It is clear that "the discretion contemplated by law is not a capricious or arbitrary one, but an impartial discretion, guided and controlled in its exercise by fixed legal principles." (*Kalmus* v. *Kalmus* (1951) 103 Cal.App.2d 405, 415 [230 P.2d 57].)

■  In refusing to grant any relief to the petitioner, the trial court stated that there had not been a sufficient change of circumstances to justify a modification of alimony. We do not agree.

In *Levitt* v. *Levitt* (1965) 62 Cal.2d 477 [42 Cal.Rptr. 577, 399 P.2d 33], our Supreme Court held that an order reducing alimony from $500 per month to $1.00 per year was entirely proper where it was shown that (1) the wife was able-bodied and capable of being self-supporting, although she was not in fact employed; (2) her child was 11 years old and therefore less in need of her care and was under her custody for only three months of the year; and (3) the husband had remarried and had a child by his new wife.

In *Ross* v. *Ross* (1934) 1 Cal.2d 368 [35 P.2d 316], it was held that the

---

[1]Plaintiff actually filed his notice of appeal prematurely on December 24, 1968, and indicated that he was appealing from the adverse portions of the "judgments" entered on October 30, 1968, and November 18, 1968. The only documents filed on the dates in question were a "memorandum decision" and a "supplement to memorandum decision" in which the court indicated the manner in which it intended to rule. Rule 2(c) of the California Rules of Court provides in pertinent part that "A notice of appeal filed prior to rendition of the judgment, but after the judge has announced his intended ruling, may, in the discretion of the reviewing court for good cause, be treated as filed immediately after entry of the judgment." In the instant case, defendant was obviously in no way misled. The case is clearly one in which the appeal may properly be treated as taken from the appealable order of January 6, 1969. (*Vibert* v. *Berger* (1966) 64 Cal.2d 65 [48 Cal.Rptr. 886, 410 P.2d 390].)

trial court properly ordered a cessation of alimony upon a showing that the wife was employed and earning $146 per month.

In *Becker* v. *Becker* (1944) 64 Cal.App.2d 239 [148 P.2d 381], a reduction of alimony was upheld where there was evidence that (1) the wife owned her own home and had the ability to do some work and thereby meet her own needs in part; and (2) the husband had remarried, owned little property and was indebted in the amount of several hundred dollars.

In this case, the wife was unemployed, although a trained physician, when the original award of alimony was made, and, further, she was burdened with the care of three minor children. However, at the time the trial court denied plaintiff's application for a reduction of alimony, defendant was regularly and permanently employed at a gross salary of $18,000 per year and no longer had custody of any of the parties' children. During the years following the divorce, defendant retained the residence and Clear Lake property awarded to her, and had accumulated some savings. This establishes to our satisfaction that she experienced no difficulty in living on the alimony of $1,050 per month, which is considerably less than the amount she presently earns in the practice of her profession. Plaintiff, on the other hand, has remarried and now has custody of the parties' only minor child. He received far less property than defendant in the divorce action and is now indebted in the amount of $9,000.

We are satisfied that such a showing would have supported a finding that there had been a sufficient change of the parties' circumstances to justify a complete cessation of alimony. Certainly, the undisputed evidence established plaintiff's right to have such payments substantially reduced, and the trial court's determination to the contrary must be deemed an abuse of discretion.

The order denying plaintiff's motion to terminate or decrease alimony is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views expressed herein.

Agee, J., and Taylor, J., concurred.