[Civ. No. 38173. First Dist., Div. Four. Nov. 29, 1976.]

LEO MARCOTTE, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE LOS GATOS-SARATOGA
JUDICIAL DISTRICT OF SANTA CLARA COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and E. Alan Nunez, Deputy Attorneys General, for Real Party in Interest and Appellant.

John C. Schaller for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

**OPINION**

**CALDECOTT, P. J.**—On September 5, 1974, respondent Leo Marcotte was charged by complaint filed in the Santa Clara County Municipal Court with misdemeanor drunk driving. (Veh. Code, § 23102, subd. (a).) On October 22, 1974, the municipal court granted a motion by Marcotte (Pen. Code, § 1538.5) to suppress a blood sample as evidence.

Trial was set for November 19, 1974. The district attorney filed a notice of appeal from the order of suppression on October 30, 1974. On November 8, 1974, Marcotte filed with the municipal court a motion to dismiss for failure to bring him to trial within 45 days (Pen. Code, § 1382). On November 15, 1974, the municipal court stayed proceedings pending the People's appeal of the suppression order.

On February 2, 1975, the appellate department reversed the municipal court's suppression order of October 22, 1974. Marcotte's November 8 motion to dismiss was denied by the municipal court on March 23, 1975.

Marcotte then filed, on April 29, 1975, a petition for writ of prohibition in superior court to restrain the municipal court from taking further action in his case. A writ issued on the prosecutor's default; that default was set aside May 28, 1975.

On June 5, 1975, the superior court denied the writ on the ground that a stay of proceedings was proper after the municipal court granted the suppression order. On July 9, 1975, however, the court having reconsid-

ered its decision, issued a writ prohibiting further proceedings against Marcotte. The present appeal ensued.

Respondent first points out that the People's notice of appeal was filed a few days before any appealable judgment or order had been rendered. (See Cal. Rules of Court, rule 2(a).)  ■  In the discretion of the court, however, a premature notice of appeal may, for good cause, be treated as filed immediately after the rendition of judgment. Such a premature notice is to be liberally construed in favor of its sufficiency and treated as filed in accordance with rule 2(c), particularly where the opposing party is neither misled nor prejudiced by the premature filing. (*Webb* v. *Webb* (1970) 12 Cal.App.3d 259, 262, fn. 1 [90 Cal.Rptr. 565]; *Vibert* v. *Berger* (1966) 64 Cal.2d 65, 67-68, 70 [48 Cal.Rptr. 886, 410 P.2d 390].)

Respondent next argues that the superior court abused its discretion in setting aside the default judgment granting the peremptory writ, and that the district attorney did not meet his burden of showing that the default had been entered by reason of one of the grounds mentioned in section 473 of the Code of Civil Procedure.[1]

■  The setting aside of a default judgment rests largely in the discretion of the trial court, whose decision will not be disturbed on appeal unless a clear abuse is shown. (*Goodson* v. *The Bogerts, Inc.* (1967) 252 Cal.App.2d 32, 38 [60 Cal.Rptr. 146].) While section 473 of the Code of Civil Procedure is remedial and should be liberally construed, the party moving to vacate a default has the burden of showing good cause. (*Goodson* v. *The Bogerts, Inc., supra.*) A decision to set aside a default must rest on sound considerations. (*Benjamin* v. *Dalmo Mfg. Co.* (1948) 31 Cal.2d 523, 525 [190 P.2d 593].) "Neither inadvertence nor neglect will warrant judicial relief unless it may reasonably be classified as of the excusable variety upon a sufficient showing." (*Elms* v. *Elms* (1946) 72 Cal.App.2d 508, 513 [164 P.2d 936].)

Respondent submits "that in an office of eighty attorneys, one could be found that did not have personal knowledge and, subsequently, could so swear in order to get relief from default." The court considered respondent's contentions and evidence of service and oral notice along with the deputy district attorney's statement that he was not aware of the

[1]Section 473 of the Code of Civil Procedure provides: "The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. . . ."

hearing and that there had been some "mix-up" in his office. The court weighed the evidence and determined that the negligence was excusable. There is no basis for disturbing the court's determination.

Under the provisions of section 1382, subdivision 3[2] of the Penal Code, respondent should have been brought to trial by November 8, 1974, 45 days after his arraignment. The People contend that when the suppression motion was granted on October 22, 1974, the trial was automatically stayed to November 22, under the provisions of section 1538.5, subdivision (j) of the Penal Code. Respondent asserts, however, that the stay is "mandatory," rather than "automatic," and that the 45-day time limit set by section 1382 of the Penal Code continues to run unless the People affirmatively request a stay; they concede, however, that the judge must stay the trial upon such a request.

The difficulty presented by this issue rests principally in the wording and organization of section 1538.5, which establishes the procedure to be followed by the courts and the parties after a trial court has granted a defendant's motion to suppress evidence. Some provisions relate only to misdemeanors, some only to felonies, and some to both. The procedure may be summarized as follows:

## 1. *Misdemeanors*

If the property or evidence seized relates solely to a misdemeanor and the evidence is ordered suppressed by a *municipal* or justice court, the People have the right to appeal that decision to the superior court "in accordance with the California Rules of Court provisions governing appeals from municipal and justice courts in criminal cases." (§ 1538.5, subd. (j).) Rule 182 provides that the appeal to the superior court shall be taken by filing a written notice of appeal in the municipal court within 30 days after the mailing of the order.

---

[2]Section 1382 of the Penal Code provides:

"The court, unless good cause to the contrary is shown, must order the action to be dismissed . . .

"3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of arraignment, or in all other cases, within 45 days after his arraignment, . . ."

If the misdemeanor defendant is in custody, the time limit is 30 days (subd. 3); defendant charged in a felony must be tried within 60 days.

## 2. *Felonies*

If the evidence is suppressed after a special hearing in the *superior* court, subdivision (o) provides that the People may, within 30 days, file a petition for writ of mandate or prohibition, seeking appellate review of the decision. The section also provides: "If the trial of a criminal case is set for a date which is less than 30 days from the granting of a defendant's motion at a special hearing in the superior court, the people, if they have not filed such a petition and wish to preserve their right to file such a petition, shall file in the superior court on or before the trial date or within 10 days after the special hearing, whichever occurs last, a notice of intention to file such a petition and shall serve a copy of the notice upon the defendant."

## 3. *Stay to a "specified date"*

Subdivision (*l*) provides that if the defendant's suppression motion is granted "the trial of a criminal case shall be stayed to a specified date pending the termination in the appellate courts of this state of the proceedings . . . and . . . pending the time for the initiation of such proceedings. Upon the termination of such proceedings, the defendant shall be brought to trial as provided by Section 1382, . . ." Since this portion of the subdivision does not refer to either municipal or superior court proceedings, it presumably could apply to either.

Thus, the issue presented is the interpretation of the language of subdivision (*l*) stating that "the trial of a criminal case shall be stayed to a specified date" pending termination of appellate proceedings and pending the time for initiation of the proceedings. Obviously, once review proceedings are initiated, the trial must be postponed until their termination. ■ The length of the stay pending *initiation* of review proceedings by the People is controlled by subdivision (j) (for misdemeanors) and subdivision (o) and the "specified date" provision of subdivision (*l*) (for felonies). The "specified date" does not apply to misdemeanor cases.[3]

This interpretation is the only one which vests any logical significance in the "specified date," for the following reasons. Subdivision (j) sets

[3]This interpretation is supported by the legislative history of section 1538.5. The "specified date" provision was added to subdivision (*l*) at the same time that the second sentence was added to subdivision (o). (3 Assem. J. (1967 Reg. Sess.) pp. 5500-5501.)

forth the procedure to be followed by the People in seeking review of a municipal or justice court suppression order: they are to appeal the ruling to the superior court as provided by rule 182, allowing 30 days for such an appeal. No "specified date" for trial is necessary to determine the appropriate length of the stay, since the only time period in question is 30 days. In the case of a felony proceeding, however, where the suppression order was made at a "special hearing in superior court," the "specified date" is necessary to give meaning to the provisions of subdivision (o), as follows: if "specified date" for trial is set beyond 30 days of the suppression order, the People may initiate review by filing a petition with the Court of Appeal within 30 days. The court may, however, set the "specified date" for the trial within 30 days; the People may then, if they wish, preserve their right to seek appellate review by filing a notice of intention by the trial date or within 10 days after a special hearing, whichever occurs last. (Subd. (o).)

Therefore, the court has the flexibility, in felony cases, to specify a trial date within 30 days after granting of a suppression order; the People's right to review of that order is preserved, in that instance, by subdivision (o). Since the statute contains no parallel provisions for misdemeanor cases, the People must have 30 days to appeal an order granting a suppression motion. The 30-day stay is automatic; the People need not request it and the trial court lacks jurisdiction to proceed to trial without the People's consent within that time period.

In this case, we conclude that once the suppression order was made, on October 22, 1974, the trial was automatically stayed to November 22, 1974, and that the section 1382 time limitation was extended, to allow the People to file a notice of appeal. Any other result would vitiate one of the underlying purposes of section 1538.5, which is to allow the People to seek appellate review of an adverse ruling on the admissibility of evidence. (*People* v. *Superior Court (Mac Lachlin)*, 271 Cal.App.2d 338, 346 [76 Cal.Rptr. 712].) If, for example, the section 1382 time limitation was to expire on the day the suppression motion was granted, the People's right to review would be lost, unless the section 1382 time limitations are tolled.

■ Respondent argues that an automatic stay upon granting of a suppression motion would lead to absurd results; that any trial during the 30-day period would be void. But the prosecution, by proceeding to trial on other evidence within the 30-day period, would waive the right to

seek pretrial review of the ruling, and could not later claim the trial was without legal effect. However, the People's right not to proceed to trial before the passage of the 30 days, and the simultaneous extension of the section 1382 time limitation during the period, arise automatically upon the granting of the defendant's motion to suppress.

Respondent is not prejudiced by this result. In seeking and obtaining relief under section 1538.5, he has received a benefit. He may not insist both on the relief available through section 1538.5 and the time limitation of section 1382 (cf. *People* v. *Superior Court (Mahle),* 3 Cal.App.3d 476, 487-488 [83 Cal.Rptr. 771]).

Because section 1538.5 automatically stayed the trial when the suppression order was granted, the time limits prescribed by section 1382 were not exceeded; the superior court erred in determining that section 1382 required dismissal of respondent's case.

The judgment is reversed with directions to deny the writ.

Rattigan, J., and Christian, J., concurred.