Filed 7/14/16  P. v. Young CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B265913 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A919114) |
| v. | |
| NORMAN YOUNG, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Eric C. Taylor, Judge.  Affirmed.

Juliana Drous, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Chung Mar and Margaret E. Maxwell, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \*

## SUMMARY

In 1987, defendant and appellant Norman Young pled guilty to grand theft (Pen. Code, § 487, a felony)[1] and was sentenced to one year four months in state prison. In 2015, defendant filed an application to have his felony conviction reclassified as a misdemeanor pursuant to section 1170.18, the remedial provision enacted by Proposition 47 (The Safe Neighborhoods and Schools Act; hereafter Proposition 47). On appeal, defendant contends the court erred in denying his request for reclassification.

We affirm.

## FACTS

By information filed September 8, 1987, defendant was charged with three counts of robbery (§ 211) and one count of grand theft (§ 487). Defendant pled guilty to grand theft.

On February 11, 2015, defendant filed, in propria persona, an application to have his felony conviction reclassified as a misdemeanor pursuant to section 1170.18, subdivision (f). On June 8, 2015, the court summarily denied his request, finding, "[t]here is no proof from petitioner as to amount in question." On July 21, 2015, defendant filed a request for a formal hearing and appointment of counsel. On July 21, 2015, while defendant's request for a hearing was pending, he served a notice of appeal from the court's summary denial of his application. On July 23, 2015, the trial court denied his request for a hearing and appointment of counsel, finding that "Robbery (Penal Code 211) on [a] person is not [an] eligible offense under Proposition 47." Defendant did not file a separate notice of appeal from this latter order.

## DISCUSSION

Defendant contends his notice of appeal should be liberally construed to permit him to appeal both the June 8, 2015 and July 23, 2015 orders of the court. (Cal. Rules of Court, rule 8.100(a)(2).) The People contend this appeal is limited to the initial ruling on the reclassification application because defendant failed to identify the latter order

---

[1] All further statutory references are to the Penal Code.

2

denying a formal hearing in the notice of appeal. Rule 8.304(a)(4) provides that " the notice of appeal must be liberally construed" in favor of its sufficiency. (*Vibert v. Berger* (1966) 64 Cal.2d 65, 67.) It is within the court's discretion to treat a premature notice of appeal as filed immediately after the rendition of judgment, where the opposing party is neither misled nor prejudiced by the premature filing. (Rule 8.308(c); *Marcotte v. Municipal Court* (1976) 64 Cal.App.3d 235, 239; *Vibert v. Berger*, at pp. 67-68; *Webb v. Webb* (1970) 12 Cal.App.3d 259, 262, fn. 1.) Here, the People were neither misled nor prejudiced by the omission of the latter order in defendant's notice of appeal. Thus, we read defendant's notice of appeal in favor of its sufficiency, to encompass both orders related to defendant's application. (*In re Roderick U.* (1993) 14 Cal.App.4th 1543, 1547, fn. 2.)

Defendant contends the court erred in denying his application to have his felony grand theft conviction reclassified as a misdemeanor. We review a "court's legal conclusions de novo and its findings of fact for substantial evidence." (*People v. Trinh* (2014) 59 Cal.4th 216, 236.) Proposition 47 was enacted by voters to reduce the penalties for certain drug- and theft-related offenses, and to reclassify them as misdemeanors instead of felonies. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*).) Grand theft is eligible for reclassification as a misdemeanor under Proposition 47 if it can be demonstrated that the value of the stolen property was under $950. (§ 1170.18, subd. (f), § 490.2, subd. (a); see also *Sherow*, at p. 879.)

While Proposition 47 does not explicitly designate which party has the burden of proof as to eligibility for resentencing or reclassification, courts have concluded the burden rests on the petitioner. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136 (*Perkins*); *Sherow*, *supra*, 239 Cal.App.4th at p. 878; Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act" (May 2016) <http://www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of July 14, 2016].) Nor does the statute require a formal hearing to determine eligibility. (*Perkins*, at pp. 136-137.) A defendant must provide some evidence or information as to the value of the stolen property to show he or she is eligible for reclassification. (*Sherow*, at p. 880; *Perkins*, at pp. 136-137.) " 'A proper petition

3

could certainly contain at least [the defendant's] testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination.' " (*Perkins*, at p. 137 [concluding court properly denied application where the defendant failed to submit any supporting documentation as to the value of the stolen property].)

Here, defendant did not meet his burden. The court denied defendant's application for reclassification for failure to provide any evidence as to the amount in question. There is nothing in the record to indicate defendant submitted any evidence to demonstrate the value of the stolen property, not even when he made his request for a formal hearing. While the superior court mistakenly determined defendant's request for a formal hearing pertained to a robbery conviction, defendant's failure to provide any evidence of the value of the stolen property renders the court's denial of his request appropriate. (*Perkins*, *supra*, 244 Cal.App.4th at p. 139 [appellate court is "concerned with the correctness of the superior court's determination, not the correctness of its reasoning"].)

## DISPOSITION

We affirm the order denying defendant's application for reclassification of his conviction for grand theft without prejudice to consideration of a subsequent petition that supplies evidence of his eligibility.


GRIMES, J.


WE CONCUR:

BIGELOW, P. J.



FLIER, J.


4